**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

# MICV2004-02901
## Crider v Goodine et al

| File Date | 07/21/2004 | Status | Disposed: transfered to other court (dtrans) |
|---|---|---|---|
| Status Date | 11/16/2004 | Session | L2 - Cv time-stan 2 (Lowell) |
| Origin | 1 | Case Type | B03 - MV negligence/pers injury/prop dmg |
| Lead Case | | Track | F |

| Service | 10/19/2004 | Answer | 12/18/2004 | Rule12/19/20 | 12/18/2004 |
|---|---|---|---|---|---|
| Rule 15 | 12/18/2004 | Discovery | 05/17/2005 | Rule 56 | 06/16/2005 |
| Final PTC | 07/16/2005 | Disposition | 09/14/2005 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Barbara A. Crider
23 Sandra Drive
Active 07/21/2004

**Private Counsel 033060**
Edward C Bassett Jr
Mirick O'Connell DeMallie & Lougee
1700 West Park Drive
Westborough, MA 01581-3941
Phone: 508-898-1501
Fax: 508-898-1502
Active 07/21/2004 Notify

**Defendant**
James Goodine
628 Route 616
Keswick Ridge
Served: 10/18/2004
Answered: 11/03/2004
Answered 11/03/2004

**Private Counsel 160830**
Thomas C Federico
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
Phone: 617-439-7500
Fax: 617-439-7590
Active 11/03/2004 Notify

**Defendant**
Devon Lumber Company, LTD
200 Gibson Street
Fredricton
Served: 10/18/2004
Answered: 11/03/2004
Answered 11/03/2004

*** See Attorney Information Above ***

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 07/21/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 07/21/2004 | | Origin 1, Type B03, Track F. |
| 10/18/2004 | 2.0 | SERVICE RETURNED: James Goodine(Defendant) I & u on 10/15/04 by a Deputy Sheriff of New Brunswick |
| 10/18/2004 | | SERVICE RETURNED:  Devon Lumber Company, LTD(Defendant) in hd. on 09/15/04 by a Deputy Sheriff of New Brunswick |
| 11/03/2004 | 3.0 | ANSWER by Devon Lumber Company, LTD to COMPLAINT (claim of trial by jury reqstd) |
| 11/03/2004 | 4.0 | ANSWER by James Goodine to COMPLAINT (claim of trial by jury reqstd) |
| 11/16/2004 | 5.0 | Notice  for Removal to the United States District Court filed by |

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

# MICV2004-02901
## Crider v Goodine et al

| Date | Paper | Text |
|------|-------|------|
|  | 5.0 | James Goodine, Devon Lumber Company, LTD |
| 11/16/2004 |  | Case REMOVED this date to US District Court of Massachusetts |

| EVENTS |
|--------|

MIDDLESEX, ss.    Commonwealth of Massachusetts

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

in testimony that the foregoing is a true copy on the
and of record made by photographic process. I hereunto
set my hand and affix the seal of said Superior court
this ___ day of November, 2004

_____    _____
Deputy    Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.

**04-2901**

---

BARBARA A. CRIDER,
    Plaintiff

V.

JAMES GOODINE and DEVON LUMBER
CO., LTD.,
    Defendants

---

COMPLAINT AND DEMAND
FOR JURY TRIAL

```
FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

JUL 2 1 2004

Caldwell - Sullivan
CLERK
```

1.    The plaintiff, Barbara A. Crider ("Crider"), resides at 23 Sandra Drive,

Chelmsford, Middlesex County, Commonwealth of Massachusetts.

2.    The defendant, James Goodine ("Goodine"), has a last known address of

628 Route 616, Keswick Ridge, New Brunswick, Canada.  At all times pertinent Goodine was

doing business in Massachusetts.

3.    The defendant, Devon Lumber Co., LTD ("Devon"), is a Canadian corporation

with a principal place of business at 200 Gibson Street, Fredricton, New Brunswick, Canada.  At

all times pertinent Devon was doing business in Massachusetts.

4.    On June 2, 2004, Goodine was operating a 2004 Volvo Tractor Trailer ("the

Truck") on a public way in Littleton, Middlesex County, Massachusetts.

5.    On June 2, 2004, Devon was the owner of the Truck.

6.    On June 2, 2004, Devon was in control of the Truck.

7.    On June 2, 2004, Goodine was operating the Truck as a duly authorized Devon

agent or employee.

```
07/21/04  12:33#0000 9597 CLERK E
CIVIL          240.0(
SURCHARGE       15.0(
SECC            20.0(
042901 #
SUBTTL         275.0(
TOTAL  275.0(
CHECK          275.0(
```

8.      On June 2, 2004, Goodine negligently operated the Truck so as to cause a multiple vehicle crash and to cause Crider to sustain serious and disabling injuries.  A copy of the Littleton Police report is attached as <u>Exhibit A</u>.

9.      On June 2, 2004, Devon was the registered owner of the Truck.  Pursuant to the provisions of G.L. c. 231 §85A – 85B and the doctrines of respondeat superior, vicarious liability, agency and/or master servant, Devon is responsible for Goodine's negligence and Goodine's violation of the law.

**COUNT ONE**  .
**BARBARA A. CRIDER V. JAMES GOODINE**

10.      The allegations set forth in paragraphs 1-9 are incorporated herein by reference.

11.      On July 2, 2004, Crider was operating her car on a public way in Littleton, Middlesex County, Massachusetts.

12.      On July 2, 2004, Goodine was the operator of the Truck.  Goodine was operating the Truck in the usual course of his business as a duly authorized Devon agent or employee.

13.      Goodine negligently and carelessly operated the Truck so as to cause a multiple vehicle crash.

14.      As a result of Goodine's negligence, violation of law and violation of statute, Crider was caused to sustain serious personal injuries.

15.      As a direct and proximate result of Goodine's negligence; violation of law and violation of statute, Crider sustained severe and permanently disabling injuries; incurred expenses for medical care and treatment in excess of $54,300.00; will incur future medical expenses; suffered and will continue to suffer great pain of body and mind; suffered and will continue to suffer emotional distress; suffered lost wages and loss of earning capacity and has been otherwise damaged.

WHEREFORE, the plaintiff, Barbara A. Crider, demands judgment against the defendant, James Goodine for her personal injuries, pain and suffering, emotional distress, loss of earning capacity, lost wages, medical expenses, loss of services, loss of enjoyment of life together with interest, costs and attorneys fees.

**COUNT TWO**
**BARBARA A. CRIDER V. DEVON LUMBER CO. LTD.**

16.    The allegations set forth in paragraphs 1-15 are incorporated herein by reference.

17.    On June 2, 2004, the Truck operated by Goodine was owned by Devon.

18.    Devon negligently entrusted the Truck to Goodine.

19.    At the time that Goodine negligently and carelessly operated the Truck, Goodine was operating the Truck with the consent and authorization of Devon.

20.    Upon information and belief, the Truck operated by Goodine on June 2, 2004 was registered in the name of Devon.

21.    Upon information and belief, at the time of the crash, the Truck was being operated by and under the control of a person for whose conduct Devon was responsible.

22.    Upon information and belief, at the time of the crash, Goodine was operating the Truck as Devon's duly authorized agent.

23.    As a direct and proximate result of Goodine's negligence; Devon's negligence; Devon's vicarious liability and Devon's negligent entrustment of the Truck to Goodine, Crider sustained severe and permanently disabling injuries; incurred expenses for medical care and treatment in excess of $54,300.00; will incur future medical expenses; suffered and will continue to suffer great pain of body and mind; suffered and will continue to suffer emotional distress; suffered lost wages and loss of earning capacity and has been otherwise damaged.

WHEREFORE, the plaintiff, Barbara A. Crider, demands judgment against the defendant, Devon Lumber Co., LTD for her personal injuries, pain and suffering, emotional distress, loss of earning capacity, lost wages, medical expenses, loss of services, loss of enjoyment of life together with interest, costs and attorneys fees.

BARBARA A. CRIDER

By her attorney,

Edward C. Bassett, Jr., Esq.
BBO #033060
Mirick, O'Connell, DeMallie & Lougee, LLP
1700 West Park Drive
Westborough, MA 01581-3941
Phone: (508) 898-1501
Fax:    (508) 898-1502

Dated: July 16, 2004

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL OF THE ISSUES**

EXHIBIT A

# Commonwealth of Massachusetts
## Motor Vehicle Crash Police Report

| Date of Crash | Time of Crash | City/Town | | Number Vehicles | Number Injured | Speed Limit 40 | State Police ☐ |
|---|---|---|---|---|---|---|---|
| 06/02/2004 | 0958 24HR | LITTLETON | | 3 | 2 | Lat. ___ Lon. ___ | Local Police ☒ MBTA Police ☐ Other ___ |

| AT INTERSECTION: | < LOCATION > | NOT AT INTERSECTION: |
|---|---|---|

**AT INTERSECTION:**

Route# ___ Direction ___ **KING ST**
Name of Roadway/Street

At

Route# ___ Direction ___ **NEW ESTATE RD**
Name of Intersecting Roadway/Street

Also at Intersection with

Route# ___ Direction ___
Name of Intersecting Roadway/Street

**NOT AT INTERSECTION:**

Route# ___ Direction ___ Address # ___ Name of Roadway/Street

___ Feet N S E W of ___ • ___ or ___
Mile Marker     Exit Number

___ Feet N S E W of ___ Route# ___ Intersecting Roadway/Street

___ Feet N S E W of ___ Landmark

---

## 04-128-AC

Please Select One of the Following: ☒ Vehicle 1 ___ #Occupants ☐ Hit/Run ☐ Moped

License # **038449165** St **MA** DOB/Age **02/14/1960** | Reg # **688JGY** Reg Type **PC** Reg State **MA**

Sex **F** Lic. Class ___ Lic. Restrictions ___ CDL Endorsement ___ | Veh Year **2002** Veh Make **TOYOTA** Veh Config. **1**

Operator **MILLER, GERALYN** | Owner **MILLER, GERALYN**
Last First Middle

Address **21 NEW ESTATE RD** | Address **21 NEW ESTATE RD**

City **LITTLETON** State **MA** Zip **01460** | City **LITTLETON** State **MA** Zip **01460**

Insurance Company **COMMERCE INS**

Vehicle Action Prior to Crash **4**

Vehicle Travel Direction: N S ☒W   Responding to Emergency? **2**

Event Sequence **1** **22** **22** **22** **22**

Citation # (If Issued) ___

Most Harmful Event **1** **23**

Viol. 1: Ch/Sec/Sub ___ / ___   Viol. 2: Ch/Sec/Sub ___ / ___

Driver Contributing Code **1** **24** **24**

Viol. 3: Ch/Sec/Sub ___ / ___   Viol. 4: Ch/Sec/Sub ___ / ___

Underride/Override **3** **25**   Towed **1**

Damaged Area Code: (Circle Up to Three)
0 None
10 Undercarriage
11 Totaled
97 Other
99 Unknown

Please fill out for operator and all occupants involved

| Name (Last First Middle) Operator | Address See Above | DOB/Age | Sex | Seat Pos. | Safety System | Airbag Switch | Ejected Code | Trap Code | Injury Status | Transp Code | Medical Facility |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | - - - - - - - | - - - | 0 | 1 | 1 | 0 | 2 | 4 | 2 | LOWELL GENERAL |

---

Please Select One of the Following: ☒ Vehicle 2 ___ #Occupants ☐ Non-Motorist A Type ___ Action ___ Location ___ Condition ___ ☐ Hit/Run ☐ Moped

License # **857100** St **OT** DOB/Age **04/15/1974** | Reg # **PS1852** Reg Type **TL** Reg State **OT**

Sex **M** Lic. Class **A** Lic. Restrictions ___ CDL Endorsement ___ | Veh Year **2004** Veh Make **VOLVO** Veh Config. **10**

Operator **GOODINE, JAMES** | Owner **DEVON LUMBER CO LTD**
Last First Middle

Address **628 ROUTE 616** | Address **200 GIBSON ST**

City **KESWICK RIDGE** State **OT** Zip **CANADA** | City **FREDRICTON** State **OT** Zip **CANADA**

Insurance Company **ROYAL/SUN ALLIANCE**

Vehicle Action Prior to Crash **1** **21**

Vehicle Travel Direction: N S ☒W   Responding to Emergency? **2**

Event Sequence **22** **1** **22** **22** **22**

Citation # (If Issued) **K4336909**

Most Harmful Event **1** **23**

Viol. 1: Ch/Sec/Sub **720** / **9.06(7**   Viol. 2: Ch/Sec/Sub **90** / **24**

Driver Contributing Code **10** **24** **19** **24**

Viol. 3: Ch/Sec/Sub ___ / ___   Viol. 4: Ch/Sec/Sub ___ / ___

Underride/Override **2** **25**   Towed ___

Damaged Area Code: (Circle Up to Three)
0 None
10 Undercarriage
11 Totaled
97 Other
99 Unknown

Please fill out for operator/non-motorist and all occupants involved

| Name (Last First Middle) Operator/Non-Motorist | Address See Above | DOB/Age | Sex | Seat Pos. | Safety System | Airbag Switch | Ejected Code | Trap Code | Injury Status | Transp Code | Medical Facility |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | - - - - - - - | - - - | 1 | 4 | 4 | 0 | 0 | 5 | 1 | |

# Commonwealth of Massachusetts
## Motor Vehicle Crash Police Report

| Date of Crash | Time of Crash | City/Town | Number Vehicles | Number Injured | Speed Limit 40 | State Police ☒ |
|---|---|---|---|---|---|---|
| 06/02/2004 | 0958 24HR | LITTLETON | 3 | 2 | Lat. ___ Lon ___ | Local Police ☒ / MBTA Police ☐ / Other ___ |

| AT INTERSECTION: | < LOCATION > | NOT AT INTERSECTION: |
|---|---|---|

**1 / 1**

Route# ___ Direction ___ Name of Roadway/Street **KING ST**

At

Route# ___ Direction ___ Name of Intersecting Roadway/Street **NEW ESTATE RD**

Also at Intersection with

**2 / 1**

Route# ___ Direction ___ Name of Intersecting Roadway/Street

Route# ___ Direction ___ Address # ___ Name of Roadway/Street

___ Feet N S E W of ___ Mile Marker ___ or ___ Exit Number

___ Feet N S E W of

Route# ___ Intersecting Roadway/Street

___ Feet N S E W of

Landmark

**9** — 2

**10** — 2

**11** — 2

---

**3**

| Please Select One of the Following: | ☒ Vehicle 3  #1 Occupants | ☐ Hit/Run | ☐ Moped | **04-128-AC** |
|---|---|---|---|---|

**4 / 1**

License # **025325243**  St **MA**  DOB/Age **03/05/1943**

Sex **F**  Lic. Class [18][18]  Lic. Restrictions [19]  CDL [1] Endorsement

Operator **CRIDER, BARBARA A**  (Last First Middle)

Address **23 SANDRA DR**

City **CHELMSFORD**  State **MA**  Zip **01824**

Insurance Company **TRAVELERS INS**

Reg # **H9617**  Reg Type **CO**  Reg State **MA**

Veh Year **1992**  Veh Make **FORD**  Veh Config. [1] [20]

Owner **MUNRO, ESTHER**  (Last First Middle)

Address **23 SANDRA DR**

City **CHELMSFORD**  State **MA**  Zip **01824**

**12** — 1

**5 / 1**

Vehicle Travel Direction: N S E [X]  Responding to Emergency? **2**

Citation # (If Issued) ___

**6 / 1**

Viol. 1: Ch/Sec/Sub ___ / ___  Viol. 2: Ch/Sec/Sub ___ / ___

Viol. 3: Ch/Sec/Sub ___ / ___  Viol. 4: Ch/Sec/Sub ___ / ___

Vehicle Action Prior to Crash [1] [21]

Event Sequence [22] [1] [22] [22] [22]

Most Harmful Event [1] [23]

Driver Contributing Code [1] [24] [24]

Underride/Override [3] [25]  Towed [1]

Damaged Area Code: (Circle Up to Three)

0 None / 10 Undercarriage / 11 Totaled / 97 Other / 99 Unknown

| Please fill out for operator and all occupants involved | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name (Last First Middle) | Address | DOB/Age | Sex | 26 Seat Pos. | 27 Safety System | 28 Airbag Switch | 29 Airbag Status | 30 Eject Code | 31 Trap Code | 32 Injury Status | 33 Transp Code | Medical Facility |
| Operator | See Above | --------- | --- | 1 | 1 | 4 | 0 | 2 | 4 | 2 | | EMERSON HOSPITAL |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |

**13** — 1

---

**7 / 3**

| Please Select One of the Following: | ☐ Vehicle 4  #Occupants | ☐ Non-Motorist A  Type [14]  Action [15]  Location [16]  Condition [17] | ☐ Hit/Run | ☐ Moped |
|---|---|---|---|---|

**8 / 1**

License # ___  St ___  DOB/Age ___

Sex ___  Lic. Class [18][18]  Lic. Restrictions [19]  CDL ___ Endorsement

Operator ___  (Last First Middle)

Address ___

City ___  State ___  Zip ___

Insurance Company ___

Reg # ___  Reg Type ___  Reg State ___

Veh Year ___  Veh Make ___  Veh Config. ___ [20]

Owner ___  (Last First Middle)

Address ___

City ___  State ___  Zip ___

Vehicle Travel Direction: N S E W  Responding to Emergency? ___

Citation # (If Issued) ___

Viol. 1: Ch/Sec/Sub ___ / ___  Viol. 2: Ch/Sec/Sub ___ / ___

Viol. 3: Ch/Sec/Sub ___ / ___  Viol. 4: Ch/Sec/Sub ___ / ___

Vehicle Action Prior to Crash [21]

Event Sequence [22] [22] [22] [22]

Most Harmful Event [23]

Driver Contributing Code [24] [24]

Underride/Override [25]  Towed ___

Damaged Area Code: (Circle Up to Three)

0 None / 10 Undercarriage / 11 Totaled / 97 Other / 99 Unknown

| Please fill out for operator/non-motorist and all occupants involved | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name (Last First Middle) | Address | DOB/Age | Sex | 26 Seat Pos. | 27 Safety System | 28 Airbag Switch | 29 Airbag Status | 30 Eject Code | 31 Trap Code | 32 Injury Status | 33 Transp Code | Medical Facility |
| Operator/Non-Motorist | See Above | --------- | --- | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |

## Crash Diagram:

→ = Direction    1 = Vehicle 1    2 = Vehicle 2    ♀ = Pedestrian

ie: → 1 → 2 → ♀



147 King St.

King St.

**If Crash Did Not Occur on a Public Way:**

☐ Off-Street Parking Lot
☐ Garage
☐ Mall/Shopping Center
☐ Other Private Way

New Estate Rd.

North

## Crash Narrative:

Vehicle 1 was stopped on King St. with left turn signal on waiting to turn left on New Estate Rd.  Vehicle 2 was traveling east on King St. and struck Vehicle 1 from the rear.  Vehicle 1 was sent into the west bound side of King St. and struck Vehilce 3 head on.  Vehicle 1 came to rest on New Estate Rd. Vehicle 3 spun facing north and was struck again by Vehicle 2 as it passed.

## Witnesses:

| Name (Last,First,Middle) | Address | Phone # | Statement |
|---|---|---|---|
| | | | |
| | | | |

## Property Damage:

| Owner (Last,First,Middle) | Address | Phone # | 34-Type | Description of Damaged Property |
|---|---|---|---|---|
| PONDSIDE APARTMENTS | 147 KING ST LITTLETON MA 01460 | | 97 | LANDSCAPING |
| MASS HIGHWAY | KING RD LITTLETON MA 01460 | | 1 | ROAD SURFACE |

## Truck and Bus Information:

Registration # **PS1852** ———————— (From Vehicle Section)

Carrier Name **Devon Lumber Co. LTD** ———————— Carrier Issuing Authority Code [35] **1**

Address **200 GIBSON RD** ———— City **FREDRICTON** —— St **OT** — Zip **CANADA**

US DOT # **171018** —— State Number ———— Issuing State ——— ICC # ———— Interstate [36] **1**

Cargo Body Type Code [37] **7**   Gross Vehicle Weight [38] **3**

Trailer Reg # **THJ911** ——— Reg Type **TL** — Reg State **OT** — Reg Year ——— Trailer Length [39] **3**

Hazmat Information:

Placard [40] **2**   Material 1 digit # [41] ___   Material Name ———— Material 4 digit # ———— Release code [42] ___

**DETECTIVE JEFFREY M PATTERSON**              **60JP**        **Littleton Police Department**    06/02/2004
Police Officer Name (Please Print)              Signature        ID/Badge #        Department        Precinct/Barracks        Date



# Littleton Police Department
## Incident Report

Page: 1
06/16/2004

Incident #: 04-351-OF
Call #: 04-5823

Date/Time Reported: 06/02/2004 0958
Report Date/Time: 06/02/2004 1440
Status: Incident Closed
Reporting Officer: DETECTIVE JEFFREY PATTERSON
Approving Officer: SERGEANT ROBERT ROMILLY

Signature: _____

| # | SUSPECT(S) | SEX | RACE | AGE | SSN | PHONE |
|---|---|---|---|---|---|---|
| 1 | GOODINE, JAMES<br>623 ROUTE 616<br>KESWICK RIDGE OT CANADA | M | W | 30 | NOT AVAIL | |

BODY: NOT AVAIL.                COMPLEXION: NOT AVAIL.
DOB: 04/15/1974          PLACE OF BIRTH: NOT AVAIL.
LICENSE NUMBER: OT 857100          ETHNICITY: NOT HISPANIC

| # | OFFENSE(S) | A/C | STATE LAW | | |
|---|---|---|---|---|---|

LOCATION TYPE: Highway/Road/Alley/Street     Zone: WEST SECTOR GEO 03
PONDSIDE-AT-LITTLETON
147 KING ST @ 10 NEW ESTATE RD
LITTLETON MA 01460

| # | | A/C | STATE LAW | SSN | |
|---|---|---|---|---|---|
| 1 | NEGLIGENT OPERATION OF MOTOR VEHICLE<br>OCCURRED: 06/02/2004  0958 | C | 90 | 24 | |
| 2 | FAILURE USE CARE IN STOPPING<br>OCCURRED: 06/02/2004  0958 | C | 720 | 9.06(7) | |

| # | VICTIM(S) | SEX | RACE | AGE | SSN | PHONE |
|---|---|---|---|---|---|---|
| 1 | MILLER, GERALYN<br>21 NEW ESTATE RD<br>LITTLETON MA 01460<br>DOB: 02/14/1960 | F | W | 44 | | |

ETHNICITY: Not of Hispanic Origin
RESIDENT STATUS: Resident

VICTIM CONNECTED TO OFFENSE NUMBER(S): 1   2
RELATION TO: GOODINE JAMES                          Stranger

| # | | SEX | RACE | AGE | | |
|---|---|---|---|---|---|---|
| 2 | CRIDER, BARBARA A<br>23 SANDRA DR<br>CHELMSFORD MA 01824<br>DOB: 03/05/1943 | F | W | 61 | | |

njuries

ETHNICITY: Not of Hispanic Origin
RESIDENT STATUS: Non Resident

VICTIM CONNECTED TO OFFENSE NUMBER(S): 1   2
RELATION TO: GOODINE JAMES Stranger

```
               Littleton Police Department                    Page: 1
           NARRATIVE FOR DETECTIVE JEFFREY M PATTERSON        06/16/2004
           Ref: 04-351-OF

         Entered:  06/02/2004 @ 1532      Entry ID: 60JP
         Modified: 06/02/2004 @ 1532   Modified ID: 60JP
         Approved: 06/03/2004 @ 1227   Approval ID: 29RR
```

On 06/02/04 I, Jeffrey Patterson, was working a 7a-3p shift assigned to Car 1, a fully marked cruiser. I was working with Officer Fernandez and Sgt. Romilly, who was in charge of the shift. I was dispatched to the area of King St. and New Estate Rd., both public ways in the Town of Littleton, for a report of a tractor trailer and motor vehicle crash.

On my arrival I was met by Lt. King and was advised to shut down King St. I radioed Car 3 and advised him to shut down the road at King St. and Murray Park Dr. I then requested dispatch to request an Ayer police officer to close the road at King St. and Ayer Rd, diverting all cars to Taylor St. Lt. King then advised me that there were three vehicles involved in the crash. The operator of **MA Reg 688JGY, Miller Geralyn (DOB 02/14/60)** was going to be transported by Westford Fire Ambulance to Lowell General. The operator of **MA Reg H9617, Crider, Barbara (DOB 03/05/04)** was going to be transported to Emerson Hospital by Littleton Fire Ambulance. Lastly, the operator of the tractor trailer unit **New Brunswick, Canada Reg PSI852, Goodine, James (DOB 04/15/74)** was not injured.

I questioned Goodine as to what happened and he explained he was traveling east on King St. and did not see any brake lights, the next thing he knew he hit the car. I asked him what vehicle he struck first and he stated the green Taurus (Crider's vehicle). I asked him where the blue minvan came from and he replied "he never saw it." I was then able to speak with Miller the operator of the blue minvan. She stated she was traveling east and came to a stop with her left turn signal on to turn on to New Estate Rd. Miller explained "she looked in her rear view mirror and saw the truck comming right at her and then hit her". I asked her again if the truck hit her and she replied "yes, he hit me and sent me into the other lane". I briefly talked to Crider, the operator of the Taurus, and she advised me she was traveling west on King St. just before the accident. She stated she was heading towards Ayer.

I advised Lt. King of the events and he stated he had dispatch contact the State Police Truck Team and also the Reconstruction Team. I obtained Goodine's truck log and provided for the trooper when he arrived. The trooper from the Truck Team arrived first and examined the log and advised us he would examine the truck once it was towed by Coady's Towing. The trooper from the reconstruction Team arrived a short time later and was advised of the situation.

With that information it was determined an extensive reconstruction would not be necessary. Vehicle locations were marked with spray paint if at a later date it became necessary. The vehicles were removed by Coady's Towing and McGloughlin's.

I cited Goodine for failure to use care in stopping **CMR 720/9.06** and operating to endanger by negligence **Ch 90 s. 24. Citation number K4336909.** Goodine then went with his vehicle and his company had arranged a drug test for him at a Chelmsford location.

Respectfully Submitted,

Detective Jeffrey Patterson #60

3

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

SUPERIOR COURT
CIVIL ACTION NO: 2004-02901-L2

```
                                        )
BARBARA A. CRIDER,                      )
        Plaintiff,                      )
                                        )
v.                                      )
                                        )
JAMES GOODINE and DEVON LUMBER          )
CO., LTD.,                              )
        Defendants.                     )
                                        )
                                        )
```

## ANSWER AND JURY CLAIM OF THE DEFENDANT, DEVON LUMBER CO., LTD. TO PLAINTIFF'S COMPLAINT

Defendant, Devon Lumber Co., Ltd. ("Devon"), responds to the plaintiff's Complaint paragraph by paragraph as follows:

1.  Devon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2.  Devon admits the allegations in this paragraph except the allegation that at all pertinent times James Goodine was doing business in Massachusetts. Devon denies this allegation.

3.  Devon admits the allegations in this paragraph except the allegation that at all pertinent times it was doing business in Massachusetts. Devon denies this allegation.

4.  Admit.

5.  Admit.

6.  Deny.

7.  Devon admits that James Goodine was operating the truck as an employee of Devon.

8.  Deny.

939635v1

23.    Deny.

WHEREFORE, Devon denies that it was negligent and that the plaintiff is entitled to judgment or relief in any amount.

### FIRST AFFIRMATIVE DEFENSE

The Complaint should be dismissed for improper venue. Mass. R. Civ. P. 12(b)(3).

### SECOND AFFIRMATIVE DEFENSE

The Complaint should be dismissed for lack of personal jurisdiction. Mass. R.Civ.P.12(b)(2).

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

Devon denies each and every allegation of plaintiff's Complaint except as specifically admitted above.

### FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Devon states that it is guilty of no negligence.

### SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Devon states that if the plaintiff suffered damages as alleged, someone for whose conduct Devon was not and is not legally responsible caused such damages.

### SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Devon states that the negligence of the plaintiff was greater than the alleged negligence of Devon and that such negligence of the plaintiff contributed

939635v1

to her alleged injuries and, therefore, the plaintiff is barred from recovery under Mass. Gen. Laws c. 231, § 85.

## EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Devon states that the plaintiff is guilty of contributory negligence and that the damages, if any, recovered by the plaintiff from Devon should be reduced in proportion to the said negligence of the plaintiff in accordance with Mass. Gen. Laws c. 231, § 85.

## NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Devon states that the plaintiff's claims are barred because they failed to mitigate damages.

## TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Devon states that the damages the plaintiff alleges were caused in whole or in part by the negligence of the plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Devon states that if the plaintiff suffered injuries, such injuries were a result of the plaintiff's breach of her duty to exercise due care to protect and ensure her own safety.

## TWELFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Devon states that if the plaintiff sustained damages as alleged, such damages were due to the acts or negligence of another, which constitutes an intervening, superceding cause, and therefore Devon is not liable.

939635v1

## JURY CLAIM

**DEVON LUMBER CO., LTD. DEMANDS A TRIAL BY JURY AS TO ALL ISSUES.**

Respectfully Submitted By,
Counsel for Defendant,
DEVON LUMBER CO., LTD.,

Thomas C. Federico, BBO #160830
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210
Tel. (617) 439-7500

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record (for each other) party by mail (by hand) on

6

939635v1

*4*

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

SUPERIOR COURT
CIVIL ACTION NO: 2004-02901-L2

| | |
|---|---|
| BARBARA A. CRIDER,<br>    Plaintiff, | )<br>)<br>) |
| | ) |
| v. | ) |
| | ) |
| JAMES GOODINE and DEVON LUMBER<br>CO., LTD.,<br>    Defendants. | )<br>)<br>)<br>) |
| | )<br>) |

## ANSWER AND JURY CLAIM OF THE DEFENDANT, JAMES GOODINE TO PLAINTIFF'S COMPLAINT

Defendant, James Goodine, responds to the plaintiff's Complaint paragraph by paragraph as follows:

1.    James Goodine is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2.    James Goodine admits the allegations in this paragraph except the allegation that at all pertinent times he was doing business in Massachusetts.  James Goodine denies this allegation.

3.    James Goodine is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4.    Admit.

5.    James Goodine is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6.    James Goodine is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7.    James Goodine admits that he was operating the truck as an employee of Devon Lumber Co., Ltd. ("Devon").  Any and all remaining allegations are denied.

8.    Deny.

9.    James Goodine is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

<u>COUNT ONE</u>
<u>BARBARA A. CRIDER V. JAMES GOODINE</u>

10.    The defendant repeats and realleges his responses to Paragraphs 1 through 9 as if fully set forth herein.

11.    James Goodine is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12.    James Goodine admits that he was operating the truck as an employee of Devon.  Any and all remaining allegations are denied.

13.    Deny.

14.    Deny.

15.    Deny.

WHEREFORE, James Goodine denies that he was negligent and that the plaintiff is entitled to judgment or relief in any amount.

<u>COUNT TWO</u>
<u>BARBARA A. CRIDER V. DEVON LUMBER CO., LTD.</u>

16.    The defendant repeats and realleges his responses to Paragraphs 1 through 15 as if fully set forth herein.

17.- 23.

939631v1

Paragraphs 17 – 23 refer to another defendant so no response is required. To the extent that a response is required, James Goodine denies any and all allegations.

WHEREFORE, James Goodine denies that he was negligent and that the plaintiff is entitled to judgment or relief in any amount.

### FIRST AFFIRMATIVE DEFENSE

The Complaint should be dismissed for improper venue. Mass. R. Civ. P. 12(b)(3).

### SECOND AFFIRMATIVE DEFENSE

The Complaint should be dismissed for lack of personal jurisdiction. Mass. R.Civ.P.12(b)(2).

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

James Goodine denies each and every allegation of plaintiff's Complaint except as specifically admitted above.

### FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, James Goodine states that he is guilty of no negligence.

### SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, James Goodine states that if the plaintiff suffered damages as alleged, someone for whose conduct James Goodine was not and is not legally responsible caused such damages.

### SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, James Goodine states that the negligence of the plaintiff was greater than the alleged negligence of James Goodine and that such negligence of the

939631v1

plaintiff contributed to her alleged injuries and, therefore, the plaintiff is barred from recovery under Mass. Gen. Laws c. 231, § 85.

### EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, James Goodine states that the plaintiff is guilty of contributory negligence and that the damages, if any, recovered by the plaintiff from James Goodine should be reduced in proportion to the said negligence of the plaintiff in accordance with Mass. Gen. Laws c. 231, § 85.

### NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, James Goodine states that the plaintiff's claims are barred because they failed to mitigate damages.

### TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, James Goodine states that the damages the plaintiff alleges were caused in whole or in part by the negligence of the plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, James Goodine states that if the plaintiff suffered injuries, such injuries were a result of the plaintiff's breach of her duty to exercise due care to protect and ensure her own safety.

### TWELFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, James Goodine states that if the plaintiff sustained damages as alleged, such damages were due to the acts or negligence of another, which constitutes an intervening, superceding cause, and therefore James Goodine is not liable.

4

939631v1

### THIRTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, James Goodine states that he is exempt from liability to the plaintiff under the provisions of with Mass. Gen. Laws c. 90, § 30M for all or part of the damages, loss or expenses claimed by the plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, James Goodine states that the plaintiff may not recover for damages for any alleged pain and suffering, including mental suffering associated with the alleged injury, under the provisions of with Mass. Gen. Laws c. 231, § 6D.

### FIFTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, James Goodine states that the provisions of Mass. Gen. Laws c. 231, § 6D, bar this action.

### SIXTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, James Goodine states that the Complaint should be dismissed for failure to state a claim upon which relief can be granted.  Mass. R.Civ.P.12(b)(6).

### SEVENTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, James Goodine states that the Complaint should be dismissed for failure to join a party under Rule 19.  Mass.R.Civ.P.12(b)(7).

### EIGHTEENTH AFFIRMATIVE DEFENSE

James Goodine reserves the right to add such other and further defenses as become apparent in the course of discovery.

## JURY CLAIM

**JAMES GOODINE, DEMANDS A TRIAL BY JURY AS TO ALL ISSUES.**

Respectfully Submitted By,
Counsel for Defendant,
JAMES GOODINE,

Thomas C. Federico, BBO #160830
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
Tel. (617) 439-7500

I hereby certify that a true copy of the
above document was served upon (each
party appearing pro se and) the attorney
of record for each (other) party by mail
(by hand) on

939631v1

6