UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARBARA A. CRIDER,<br>Plaintiff<br><br>V.<br><br>JAMES GOODINE and DEVON LUMBER<br>CO., LTD.,<br>Defendants | CIVIL ACTION NO. 04 12329 NG |

**FIRST AMENDED**
**REPORT OF PARTIES' PLANNING MEETING**
**FED. R. CIV. P. 26(f), LR 26.1**

1. Pursuant to Rule 26(f) of the Fed. R. Civ. P., a meeting was held by telephone and fax correspondence on March 7, 2005 and in person on March 29, 2005.

The meetings were attended by:

| | |
|---|---|
| Attorney for Plaintiff: | Edward C. Bassett, Jr., Esq.<br>Mirick, O'Connell, DeMallie & Lougee, LLP<br>1700 West Park Drive<br>Westborough, MA 01581 |
| Attorney for Defendants: | Thomas C. Federico, Esq.<br>Morrison Mahoney, LLP<br>250 Summer Street<br>Boston, MA  02210 |

2. <u>Pre-Discovery Disclosures</u>

In accordance with Rule 35.1 of the Local Rules, the Plaintiff has provided the Defendants with a medical bill summary (17 pages of bills totaling $155,736.46) and copies of the Plaintiff's hospital and medical records. However, the Plaintiff has not yet completed her medical treatment. The Plaintiff will provide the Defendants with copies of future medical bills

and medical records as soon as she receives them. The parties will exchange the information required by the Federal Rules of Civil Procedure 26(a)(1) within fourteen days of the March 29, 2005 scheduling conference.

3. <u>Discovery Plan</u>

It is anticipated that discovery will be needed on the following subjects:

The Plaintiff anticipates that discovery will be needed on the allegations in the Complaint as well as the averments and denials in the Answer and the Affirmative Defenses, including but not limited to the issues of driver negligence, driver's employment status, scope of employment, ownership of the tractor trailer, insurance for the tractor trailer, maintenance on the tractor trailer, driver training, company safety policies, compliance with Canadian and Federal Trucking Regulations, log book compliance, hours of service and operation, blood/alcohol levels, toxicology reports, driver's criminal history, driver's accident history, driver's employment history, driver's medical history, medication use, black box data, and status of criminal proceedings related to the accident.

The Defendants anticipate that discovery will be needed on the allegations in the Complaint, including the issue of driver negligence, accident reconstruction, accident investigation, Plaintiff's injuries and damages, Plaintiff's medical and treatment history, Plaintiff's lost wage and earning capacity claims, and witness observations and recollections.

<u>The parties request a discovery deadline of May 1, 2006</u>.

The parties do not anticipate the need to serve more than thirty interrogatories. Responses due forty-five days after service.

The parties anticipate that there will be a maximum of three separate sets of requests for production of documents by each party to any other party. Responses due thirty days after service.

The parties do not anticipate the need to serve more than three separate sets of Requests for Admission. Responses due thirty days after service.

The parties anticipate that Plaintiff will require no more than ten depositions and that the Defendants will require no more than ten depositions.

Each deposition shall be limited to a maximum of seven hours unless extended by agreement of the parties.

<u>The parties request that reports from retained experts under Rule 26(a)(2) shall be due from Plaintiff by June 15, 2006 and from Defendants by August 15, 2006 and Plaintiff's rebuttal reports shall be due within forty-five days after receiving the Defendants' expert reports.</u>

<u>The parties request a deadline for the deposition of experts by October 30, 2006.</u>

<u>Plaintiff should be allowed until December 30, 2005 to join additional parties and to amend the pleadings.</u>

The parties have considered the use of phased discovery but do not believe that phased discovery will have a beneficial effect or value in this case.

<u>The parties request that all potentially dispositive motions should be filed by November 15, 2006.</u>

Plaintiff has not yet reached a medical end result. Therefore, settlement potential cannot be realistically evaluated at this time. However, the parties agree that the chances of settlement are very likely to be enhanced by the use of mediation.

Plaintiff proposes that the final lists of witnesses and exhibits under Rule 26(a)(3) should be due from both parties within sixty days prior to trial.

Defendants propose that final lists of witnesses and exhibits under Rule 26(a)(3) should be due:

> From plaintiff by sixty days prior to trial.
>
> From defendants by thirty days prior to trial.

Parties should have fifteen days after service of final list of witnesses and exhibits and exhibits to list objections under Rule 26(a)(3).

The parties request a pretrial conference thirty days prior to the scheduled trial date.

The parties propose that the case should be ready for trial by January 2007 and at this time it is expected to take approximately one week.

The parties shall attend a status conference on March 1, 2006 at 2:30 p.m.

The parties certify that they have conferred with their attorneys with a view to establish a budget for the costs of conducting the full course – and various alternative courses – of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

| | |
|---|---|
| BARBARA A. CRIDER | JAMES GOODINE and<br>DEVON LUMBER CO., LTD. |
| By her attorneys, | By their attorney, |
| /s/ Edward C. Bassett, Jr.<br>Edward C. Bassett, Jr., Esq.<br>BBO #033060<br>James A. Wingfield, Esq.<br>BBO #657561<br>Mirick, O'Connell, DeMallie & Lougee, LLP<br>1700 West Park Drive<br>Westborough, MA 01581<br>Phone: (508) 898-1501<br>Fax: (508) 898-1502 | TCF by ECB<br>Thomas C. Federico, Esq.<br>BBO #<br>Morrison Mahoney, LLP<br>250 Summer Street<br>Boston, MA 02210<br>Phone: 617-439-7500<br>Fax: 617-342-4946 |
| _____<br>Barbara A. Crider | _____<br>James Goodine |
| | _____<br>Duly Authorized Agent of<br>Devon Lumber Co., Ltd. |

Dated: March 30, 2005