UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 04 12329 NG

| | |
|---|---|
| BARBARA A. CRIDER,<br>    Plaintiff,<br><br>v.<br><br>JAMES GOODINE and DEVON LUMBER<br>CO., LTD.,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

DEFENDANTS' MOTION TO COMPEL THE PLAINTIFF TO PRODUCE TAX RETURNS

Pursuant to Federal Rule of Civil Procedure 37, the defendants, James Goodine and Devon Lumber Co., Ltd., respectfully request that this Honorable Court issue an order compelling the plaintiff, Barbara A. Crider, to produce copies of her federal income tax returns for the years 2001 through the present. In support of this Motion, the defendants provide the following statement of reasons:

1. On November 2, 2004, and again on May 9, 2005, James Goodine propounded his First Request for Production of Documents to the plaintiff. Request No. 1 states, "All your Federal and State Income Tax Returns, including copies of all W-2 forms, schedules and attachments for the three years preceding the date of the incident through the present." The plaintiff objected to this Request on the grounds that tax returns are privileged. A true and accurate copy of Plaintiff's Response to James Goodine's Request No. 1 is attached as Exhibit A.

2. On several occasions, including November 28, 2005, Attorney Thomas C. Federico had telephone conferences with Attorney Edward C. Bassett, Jr.,

982924v1

reiterating the defendants' request for the plaintiff's tax returns. On each occasion, plaintiff's counsel stated he would get back in touch with Attorney Federico regarding such request.

3. To date, the plaintiff has not produced copies of her tax returns.

4. The plaintiff's federal income tax returns are within the scope of Fed. R. Civ. P. 26(b) and subject to discovery in this action. A party is entitled to discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party . . ." Fed. R. Civ. P. 26(b)(1). Moreover, the United States Supreme court has indicated that copies of federal income tax returns in the hands of a taxpayer are "subject to discovery." St. Regis Paper Co. v. United States, 368 U.S. 208, 218-19 (1961); Finance Commission of City of Boston v. McGrath, 343 Mass. 754, 766-67 (1962). Where information in the returns is relevant to some "legitimate subject of inquiry or issue in the proceeding," such production should be allowed. Finance Commission of City of Boston, 343 Mass. at 767; see Tollefsen v. Phillips, 16 F.R.D. 348, 348-49 (D. Mass. 1954).

5. The plaintiff alleges that she suffered a considerable loss of income and loss of earning capacity as a result of injuries she suffered during a June 2, 2004 accident, out of which the present action arises. The plaintiff is seeking to recover for such lost wages and lost earning capacity and, thus, has put her personal finances at issue. The defendants are requesting the plaintiff's federal income tax returns in order to determine the extent of her claimed lost income, a "legitimate subject of inquiry or issue in the proceeding." Therefore, the defendants' request for the plaintiff's federal income tax returns, production of which is reasonably

982924v1

calculated to lead to the discovery of admissible evidence, is relevant and within the scope of Rule 26(b)(1).

6. For the foregoing reasons, the defendants should be granted access to the plaintiff's federal income tax returns filed in the three years preceding the June 2, 2004 incident and in all subsequent years to date.

WHEREFORE, the defendants, James Goodine and Devon Lumber Co., Ltd., respectfully request that this Honorable Court allow this Motion and issue an order compelling the plaintiff, Barbara A. Crider, to produce the requested federal income tax returns within ten (10) days thereafter.

Defendant,
Devon Lumber Co., Ltd.,
By its attorneys,

**MORRISON MAHONEY LLP**

*/s/ Jacy L. Wilson*

---
Thomas C. Federico, BBO #160830
Jacy L. Wilson, BBO #658923
250 Summer Street
Boston, MA  02210
(617) 439-7500

Affidavit of Counsel

I, Jacy L. Wilson, counsel for the defendants, James Goodine and Devon Lumber Co., Ltd., depose and state that the factual statements made in the foregoing Motion to Compel are true to the best of my knowledge and belief.

Signed under the penalties of perjury this 18th day of January, 2006.

/s/ *Jacy L. Wilson*
_____
Jacy L. Wilson

Fed R. Civ. P. 37(a)(2)(A) and Local Rule 7.1(A)(2) and Local Rule 37.1 Certification

I, Thomas C. Federico, Esquire, counsel for the defendants, James Goodine and Devon Lumber Co., Ltd., hereby certify that, pursuant to Fed R. Civ. P. 37(a)(2)(A) and Local Rules 7.1(A)(2) and 37.1, I conferred by telephone with plaintiff's counsel, Attorney Edward C. Bassett, Jr., on several occasions, including November 28, 2005. During these telephone conversations, we attempted in good faith to resolve the issue presented by the within Motion and were unable to do so.

/s/ *Thomas C. Federico*
_____
Thomas C. Federico

Date: January 18, 2006

## Certificate of Service

I certify that this document has been served upon all counsel of record in compliance with the Federal Rules of Civil Procedure.

/s/ *Jacy L. Wilson*
_____
Jacy L. Wilson

Date: January 18, 2006