UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 04 12329 NG

|  |  |
|---|---|
| BARBARA A. CRIDER,<br>Plaintiff,<br><br>v.<br><br>JAMES GOODINE and DEVON LUMBER<br>CO., LTD.,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

OPPOSITION OF DEFENDANT DEVON LUMBER CO., LTD.
TO THE PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Defendant Devon Lumber Co., Ltd. ("Devon") hereby opposes the plaintiff's Motion to Compel on the grounds that the documents sought contain personal, private information of Devon's employee, James Goodine, are protected by the work-product privilege, and/or are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

## FACTS

The plaintiff in the above-captioned action, Barbara A. Crider, seeks to recover for injuries suffered as a result of a June 2, 2004 motor vehicle accident involving Devon's employee, James Goodine. In connection therewith, the plaintiff propounded an extensive request for production of documents upon Devon, which included broad requests for documents protected by the work-product doctrine and documents containing Mr. Goodine's personal and private information. Devon objected to the plaintiff's requests for such documents and, where appropriate, identified privileged documents not produced. Devon subsequently produced a detailed privilege log identifying all privileged documents withheld by Devon. The plaintiff has

982912v1

filed a Motion to Compel Devon to produce these privileged documents. Specifically, the plaintiff is seeking production of documents described in Requests 2, 3, 10, 27, 28, 34, 36, 41, and 42 of the plaintiff's First Request for Production of Documents. Devon opposes this Motion.

## ARGUMENT

A. <u>Devon Should Not Be Obligated to Produce Documents Described In Request No. 2 and Request No. 3, As Such Documents Are Protected By The Work-Product Privilege.</u>

The plaintiff's Request No. 2 states as follows:

> *All documents constituting, commemorating or relating to* any statements or reports given by or on behalf of James Goodine ("Goodine") or any Devon officers, directors, agents, employees or representatives *to any person* concerning the incident referred to in the Complaint. (Emphasis added).

Similarly, the plaintiff's Request No. 3 states:

> *All documents constituting, commemorating or relating to* any accident reports and/or incident reports prepared by or on behalf of Goodine and/or any Devon officers, directors, agents, employees or representatives *in any way related* to the incident referred to in the Complaint. (Emphasis added).

These overly broad requests inevitably encompass privileged documents not subject to discovery in this action. Thus, in its Response to Plaintiff's First Request for Production of Documents, Devon appropriately objected to each on the grounds that the plaintiff is seeking documents that were prepared in anticipation of litigation or for trial by Devon and/or its agents and are protected by the attorney work-product privilege, as well as documents that would disclose the mental impressions, conclusions, opinions, or legal theories of counsel. Notwithstanding the objection, Devon identified two privileged documents that the plaintiff argues she is entitled to obtain: 1) June 4, 2004 statement of James Goodine to Devon; and 2) June 8, 2004 Automobile Accident Report and statement of James Goodine to Royal & Sunalliance. The plaintiff argues that these statements are not protected by the work-product privilege or by the attorney-client

982912v1

privilege. As Devon has not asserted the attorney-client privilege with regard to these documents, the plaintiff's argument is misplaced and will not be addressed. Devon does, however, maintain that these statements were prepared in anticipation of litigation and, thus, are protected by the work-product privilege.

The present action arises out of a motor vehicle accident, whereby Devon's employee, James Goodine, struck the plaintiff's vehicle while operating a tractor trailer. The plaintiff was taken by ambulance from the scene in the presence of Mr. Goodine. Under these circumstances, Devon reasonably anticipated that it would be subject to litigation as a result of this accident involving one of its employees. Consequently, it obtained the June 4, 2004 statement from its employee and notified Royal & Sunalliance, its insurer, of the accident. In turn, Royal & Sunalliance prepared an Automobile Accident Report which included a statement it obtained from Mr. Goodine on June 8, 2004. The fact that these documents were obtained less than a week after the accident, as the plaintiff points out, has no bearing on whether or not these documents were created in anticipation of litigation or for trial. Under the particular circumstances of this case, it is clear that these documents were prepared in anticipation of litigation and are protected by the work-product privilege. The plaintiff, therefore, is not entitled to these documents. Moreover, the plaintiff is in possession of a Motor Vehicle Crash Operator Report, attached to the Motor Vehicle Crash Police Report, which contains a handwritten description of the accident by Mr. Goodine. This statement, which was signed and dated by Mr. Goodine on the date of the accident, is even more timely than the June 4 and June 8 statements the plaintiff seeks to obtain. Consequently, the plaintiff is not prejudiced by Devon's withholding of these particular documents.

982912v1

B. <u>Devon Should Not Be Obligated to Produce Documents Described In Request No. 10 and Request No. 27, As Such Documents Are Private And/Or Irrelevant To The Subject Matter Of This Action.</u>

The plaintiff's Request No. 10 states as follows:

> *All documents constituting, commemorating or relating to* Goodine's personnel file or employment file at Devon. (Emphasis added).

Similarly, the plaintiff's Request No. 27 states:

> Copies of *all documents* in Goodine's employment file, personnel file or *in any and all other files* which Devon keeps or has regarding Goodine. (Emphasis added).

In support of these Requests, the plaintiff argues that production of such documents is necessary to gain a full understanding of what Devon knew or should have known about Goodine prior to the accident. More specifically, the plaintiff states that she wants to gain a full understanding of Devon's knowledge of Goodine's education, training, prior employment, driving history and driving ability. Devon has already produced copies of Mr. Goodine's resume and Devon's General Policy for Company Drivers—documents revealing Mr. Goodine's education, training, and prior employment. Nonetheless, between the two Requests, the plaintiff is seeking every document in every file Devon has that pertains in any way to Mr. Goodine. Clearly, the plaintiff has failed to describe the requested items with reasonable particularity as required under Fed. R. Civ. P. 34(b). Furthermore, contrary to what the plaintiff seems to believe, she is not entitled to every such record in Devon's possession.

Pursuant to Fed. R. Civ. P. 26(b)(1), the plaintiff "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." However, the plaintiff does not, and cannot, explain how Mr. Goodine's personnel records post-dating the accident are relevant to her claims against Devon for negligence and negligent entrustment.

982912v1

Thus, the plaintiff is not entitled to these records. The plaintiff is also not entitled to unreasonably, substantially, or seriously interfere with Mr. Goodine's right to privacy.

Pursuant to G.L. c. 214, § 1B, a "person shall have a right against unreasonable, substantial or serious interference with his privacy." In Massachusetts, employment records are considered inherently private. See e.g. G.L. c. 4, § 7 (With regard to the public records law (G.L. c. 66, § 10), the Legislature has exempted "personnel and medical files or information" from disclosure because the disclosure of such records "may constitute an unwarranted invasion of personal privacy."). In light of the documents already provided to the plaintiff, the breadth of the request language itself, and the personal and private nature of the requested documents, the plaintiff's motion to compel production of all of Devon's files pertaining to Mr. Goodine seems more an attempt to annoy and embarrass Mr. Goodine than a genuine desire to gain a "full understanding of what Devon knew." Consequently, Devon appropriately objects to both Request No. 10 and Request No. 27 on the grounds that the plaintiff is seeking wholesale disclosure of Mr. Goodine's highly sensitive and personal information in contravention of the right of privacy recognized in this Commonwealth.

C.  <u>Devon Should Not Be Obligated to Produce Documents Described In Request No. 28, As Such Documents Are Private And/Or Irrelevant To The Subject Matter Of This Action</u>.

The plaintiff's Request No. 28 states as follows:

> Copies of *any documents regarding* Goodine's driving history, past accidents, speeding tickets, moving violations and Driver's License suspensions and/or revocations. (Emphasis added).

The plaintiff claims that these documents are relevant to Mr. Goodine's ability and fitness as a long-haul truck driver and to Devon's knowledge and supervision of Mr. Goodine prior to entrusting him with the operation of a tractor trailer. However, the plaintiff does not explain how documents following the accident are relevant to what Devon knew prior to June 2, 2004, or how

982912v1

documents extensively predating the accident are relevant to Mr. Goodine's ability and fitness to operate the tractor trailer on June 2, 2004. Similarly, the plaintiff does not explain how records pertaining to Mr. Goodine's operation of a car, as opposed to a tractor trailer, are relevant to Mr. Goodine's ability and fitness to operate a long-haul truck. Contrary to what the plaintiff believes, she is not entitled to every record in Devon's possession.

Pursuant to Fed. R. Civ. P. 26(b)(1), the plaintiff "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." In addition, with regard to her document requests, the plaintiff is obligated to "set forth, either by individual item or by category, the items to be inspected, and describe each with reasonable particularity." Fed. R. Civ. P. 34(b). The plaintiff, in requesting *any documents regarding* Goodine's driving history, etc., not only has failed to describe the requested items with reasonable particularity but also, as described above, has failed to explain how such documents are relevant to any claim or defense of the parties. The plaintiff's request is clearly overbroad and not properly limited in time. Thus, Devon's objection to this Request on those grounds is appropriate and not frivolous, as the plaintiff contends.

Devon also appropriately objects to the Request on the grounds that the plaintiff is seeking confidential records containing highly sensitive and personal information, disclosure of which would invade the privacy rights of Devon's employee. The plaintiff takes issue with this objection, arguing that the invasion of privacy rights is not a recognized privileged. To the contrary, G.L. c. 214, § 1B provides that a "person shall have a right against unreasonable, substantial or serious interference with his privacy." In Massachusetts, employment records are considered inherently private. See e.g. G.L. c. 4, § 7 (With regard to the public records law (G.L. c. 66, § 10), the Legislature has exempted employment records from disclosure because the

982912v1

disclosure of such records "may constitute an unwarranted invasion of personal privacy."). Consequently, Devon is not in a position to disclose Mr. Goodine's personal and private information in response to the plaintiff's overbroad and unreasonable request. However, Devon will agree to produce the May 15, 2003 Department of Public Safety Abstract of Driving Record specifically requested by the plaintiff in her Motion. As the June 15, 2005 abstract, also requested by the plaintiff, is not relevant to what Devon knew about Mr. Goodine's driving records prior to the June 2, 2004 accident, Devon maintains that this personal and private record is not discoverable.

D. <u>Devon Should Not Be Obligated to Produce Documents Described In Request No. 34, As Disclosure Of Such Confidential Documents Would Constitute An Unwarranted Invasion Of Mr. Goodine's Privacy</u>

The plaintiff's Request No. 34 states as follows:

> All documents constituting, commemorating or relating to any pre-employment questionnaire or other documents secured from Goodine prior to employment at Devon.

In support of this Request, the plaintiff argues that production of all the documents in Mr. Goodine's personnel file is necessary to gain a full understanding of what Devon knew or should have known about Goodine prior to the accident and, thus, are relevant to her claims against Devon for negligence and negligent entrustment. The plaintiff already possesses copies of Mr. Goodine's resume, driver's license, and Application for Employment. However, the plaintiff is now specifically seeking an e-mail regarding a pre-employment test result and a Department of Public Safety Abstract of Driving Record that Devon identified in its privilege log. As previously stated, Devon will agree to produce the May 15, 2003 abstract. Devon continues to object to production of the July 7, 2003 e-mail on the grounds that it is a confidential record containing highly sensitive and personal information, disclosure of which would invade the privacy rights of its employee.

982912v1

Pursuant to G.L. c. 214, § 1B, a "person shall have a right against unreasonable, substantial or serious interference with his privacy." In Massachusetts, employment records are considered inherently private. See e.g. G.L. h. 4, § 7 (With regard to the public records law (G.L. c. 66, § 10), the Legislature has exempted "personnel and medical files or information" from disclosure because the disclosure of such records "may constitute an unwarranted invasion of personal privacy."). Devon is, therefore, not in a position to disclose correspondence pertaining to Mr. Goodine's pre-employment test results.

E.  Devon Should Not Be Obligated to Produce Documents Described In Request No. 36, As Such Documents Are Private And/Or Irrelevant To The Subject Matter Of This Action.

The plaintiff's Request No. 36 states as follows:

> *All documents constituting, commemorating or relating to* any medical examinations, drug tests and certification of medical examinations inclusive of expired and non-expired documents relative to Goodine. (Emphasis added).

In making this Request, the plaintiff has lost sight of the rules governing discovery. Pursuant to Fed. R. Civ. P. 26(b)(1), the plaintiff "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." In addition, with regard to document requests, the plaintiff is obligated to "set forth, either by individual item or by category, the items to be inspected, and describe each with reasonable particularity." Fed. R. Civ. P. 34(b). The plaintiff, in requesting *all documents constituting, commemorating or relating to any* medical examinations, etc., not only has failed to describe the requested items with reasonable particularity but also has failed to explain how such documents are relevant to any claim or defense of the parties. On its face, the plaintiff's Request is overly broad, unduly burdensome, and not properly limited in time. Thus, in its Responses to Plaintiff's First Request for Production of Documents, Devon appropriately objected on those grounds. Devon also appropriately objected on the grounds that the plaintiff is seeking confidential records containing

982912v1

highly sensitive and personal information, disclosure of which would invade the privacy rights of Mr. Goodine. The plaintiff takes issue with this objection, arguing that invasion of privacy is not a recognized privilege. To the contrary, pursuant to G.L. c. 214, § 1B, a "person shall have a right against unreasonable, substantial or serious interference with his privacy." In Massachusetts, employment records are considered inherently private. See e.g. G.L. c. 4, § 7 (With regard to the public records law (G.L. c. 66, § 10), the Legislature has exempted "personnel and medical files or information" from disclosure because the disclosure of such records "may constitute an unwarranted invasion of personal privacy."). Consequently, the wholesale disclosure of Devon's records pertaining to Mr. Goodine's personal and private medical information would constitute an unwarranted invasion of his privacy. Moreover, aside from the blanket statement that invasion of privacy is not a recognized privilege, the plaintiff's only argument for why she is entitled to Mr. Goodine's medical information is because the defendants in a United States District Court of Kansas case argued unsuccessfully that the private medical information in the personnel file should not be produced, and that the Court ordered production of the entire file. Although the plaintiff is correct in that there are times when such records may be released, due to the right of privacy inherent in personnel and medical records, such records can only be released if it is reasonable under the circumstances. The plaintiff has not explained why production of the requested records is reasonable in this case.

F.     <u>Devon Should Not Be Obligated to Produce Documents Described In Request No. 41, As Such Documents Are Private And/Or Irrelevant To The Subject Matter Of This Action.</u>

The plaintiff's Request No. 41 states as follows:

> *All documents constituting, commemorating or relating to* any inquiries to and answers received from any organization in reference to the driver's license record of traffic violations and accidents directed to and/or received by Devon from any Canadian and/or United States governmental agencies relative to Goodine's traffic and accident record. (Emphasis added).

982912v1

In support of this Request, the plaintiff argues that she is seeking evidence of Devon's knowledge of prior complaints about Mr. Goodine's driving, and that the request is properly limited in time and scope because she is only seeking those documents in Devon's possession, custody, or control. These arguments are inconsistent with Request No. 41. The plaintiff is requesting, without any time limitations, records of "inquiries to and answers received from any organization in reference to the driver's license record of traffic violations and accidents directed to and/or received by Devon from any Canadian and/or United States governmental agencies relative to Goodine's traffic and accident record," as well as all documents "relating" thereto. Such a request is clearly overbroad and fails to describe the requested items with reasonable particularity as required under Fed. R. Civ. P. 34(b). Furthermore, any driving records of Mr. Goodine received after the June 2, 2004 accident have no bearing on what Devon knew about Mr. Goodine's driving prior to the accident and, thus, are irrelevant to the plaintiff's claims against Devon for negligence and negligent entrustment.

In light of her stated purpose for requesting such information and the overbroad language used in the Request, the plaintiff's motion to compel production of these documents seems more an attempt to annoy and embarrass Mr. Goodine than a genuine desire to seek information of what Devon knew prior to the accident. Mr. Goodine has a right against unreasonable, substantial or serious interference with his privacy. G.L. c. 214, § 1B. Devon is, therefore, not in a position to turn over Mr. Goodine's personal and private information in response to the plaintiff's overbroad and unreasonable request. Devon will, however, agree to produce the May 15, 2003 Department of Public Safety Abstract of Driving Record specifically requested by the plaintiff in her Motion. As the June 15, 2005 abstract, also requested by the plaintiff, is not

982912v1

relevant to what Devon knew about Mr. Goodine's driving prior to the June 2, 2004 accident, Devon maintains that this personal and private record is not discoverable.

G.     <u>Devon Should Not Be Obligated to Produce Documents Described In Request No. 42, As Such Documents Are Private And/Or Irrelevant To The Subject Matter Of This Action.</u>

The plaintiff's Request No. 42 states as follows:

> *All documents constituting, commemorating or relating to* any annual reviews, file reviews or file summaries *and related documents* found in the driver qualification file of Goodine. (Emphasis added).

The plaintiff argues that the requested documents may disclose a pattern of safety violations and, more specifically, evidence of truck driver fatigue. However, the plaintiff requests, without any time limitations, all of Mr. Goodine's employment records that "constitute, commemorate, or relate to" any annual reviews, file reviews, or file summaries and "related" documents. Such a request is clearly overbroad and fails to describe the requested items with reasonable particularity as required under Fed. R. Civ. P. 34(b).

In her Motion, the plaintiff specifically requests all of the documents identified on the privilege log that pertain to Mr. Goodine's log book. However, any log book information postdating the accident has no bearing on whether or not Mr. Goodine was a "tired trucker" on the date of the accident and is irrelevant to the plaintiff's claims against Devon for negligence and negligent entrustment. Therefore, the plaintiff is not entitled to those records. The plaintiff also overlooks the fact that Devon has already produced Mr. Goodine's Daily Driver's Logs from May 1, 2004 up to and including the date of the accident. Instead, the plaintiff makes the bald assertion that Devon is withholding on privacy grounds a "contemporaneous record of Goodine's trip on the day of the accident" and is "disingenuous." Given that none of the records identified in the privilege log specifically referenced by the plaintiff are contemporaneous, and

given that the plaintiff is in possession of Mr. Goodine's June 2, 2004 Driver's Log, this accusation is unfounded and inappropriate.

In light of the plaintiff's stated reasoning behind Request No. 42, the driver's logs already produced to the plaintiff, and the overbroad language of the Request, the plaintiff's motion to compel production of these documents seems more an attempt to annoy and embarrass Mr. Goodine than a genuine desire to seek information of what Devon knew about Mr. Goodine's driving history prior to the accident. Moreover, Mr. Goodine has a right against unreasonable, substantial or serious interference with his privacy. G.L. c. 214, § 1B. In Massachusetts, employment records are considered inherently private. See e.g. G.L. c. 4, § 7 (With regard to the public records law (G.L. c. 66, § 10), the Legislature has exempted personnel files and information from disclosure because the disclosure of such records "may constitute an unwarranted invasion of personal privacy."). Devon is not in a position to turn over Mr. Goodine's employment records in response to the plaintiff's overbroad and unreasonable request.

## CONCLUSION

As the plaintiff is seeking to compel the disclosure of records that are private, privileged, and/or irrelevant to the subject matter of this action, Devon respectfully requests that the Court deny the plaintiff's Motion.

                              Defendant,
                              Devon Lumber Co., Ltd.,
                              By its attorneys,

*/s/ Jacy L. Wilson*

Thomas C. Federico, BBO #160830
Jacy L. Wilson, BBO #658923
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

982912v1

## CERTIFICATE OF SERVICE

I certify that this document has been served upon all counsel of record in compliance with the Federal Rules of Civil Procedure.

/s/ *Jacy L. Wilson*

Jacy L. Wilson

Date: January 23, 2006

982912v1