UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 04 12329 NG

| | |
|---|---|
| BARBARA A. CRIDER,<br>Plaintiff,<br><br>v.<br><br>JAMES GOODINE and DEVON LUMBER<br>CO., LTD.,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

OPPOSITION OF DEFENDANT JAMES GOODINE
TO THE PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Defendant James Goodine ("Goodine") hereby opposes the plaintiff's Motion to Compel on the grounds that the documents sought contain his personal, private information, are protected by the work-product privilege, and/or are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

FACTS

The plaintiff in the above-captioned action, Barbara A. Crider, seeks to recover for injuries suffered as a result of a June 2, 2004 motor vehicle accident involving James Goodine, an employee of Devon Lumber Co., Ltd. ("Devon"). In connection therewith, the plaintiff propounded an extensive request for production of documents upon Goodine, which included broad requests for documents protected by the work-product doctrine and documents containing Goodine's personal and private information. Goodine objected to the plaintiff's requests for such documents and, where appropriate, identified privileged documents not produced. Goodine subsequently produced a detailed privilege log identifying all privileged documents withheld. The plaintiff has filed a Motion to Compel Goodine to produce these privileged documents.

984647v1

Specifically, the plaintiff is seeking production of documents described in Requests 2, 3, 10, 26, 40, 50, 56, and 63 of the plaintiff's First Request for Production of Documents. Goodine opposes this Motion.

## ARGUMENT

A. **Goodine Should Not Be Obligated to Produce Documents Described In Request No. 2 and Request No. 3, As Such Documents Are Protected By The Work-Product Privilege.**

The plaintiff's Request No. 2 states as follows:

> *All documents constituting, commemorating or relating to* any statements or reports given by or on behalf of Goodine or any Devon Lumber Co., Ltd. ("Devon") officers, directors, agents, employees or representatives *to any person* concerning the incident referred to in the Complaint. (Emphasis added).

Similarly, the plaintiff's Request No. 3 states:

> *All documents constituting, commemorating or relating to* any accident reports and/or incident reports prepared by or on behalf of Goodine and/or any Devon officers, directors, agents, employees or representatives *in any way related* to the incident referred to in the Complaint. (Emphasis added).

These overly broad requests inevitably encompass privileged documents not subject to discovery in this action. Thus, in its Response to Plaintiff's First Request for Production of Documents, Goodine appropriately objected to each on the grounds that the plaintiff is seeking documents that were prepared in anticipation of litigation or for trial by Devon and/or its agents and are protected by the attorney work-product privilege, as well as documents that would disclose the mental impressions, conclusions, opinions, or legal theories of counsel. Notwithstanding the objection, Goodine identified two privileged documents that the plaintiff argues she is entitled to obtain: 1) June 4, 2004 statement of James Goodine to Devon; and 2) June 8, 2004 Automobile Accident Report and statement of James Goodine to Royal & Sunalliance. The plaintiff argues that these statements are not protected by the work-product privilege or by the attorney-client

984647v1

privilege. As Goodine has not asserted the attorney-client privilege with regard to these documents, the plaintiff's argument is misplaced and will not be addressed. Goodine does, however, maintain that these statements were prepared in anticipation of litigation and, thus, are protected by the work-product privilege.

The present action arises out of a motor vehicle accident, whereby Goodine struck the plaintiff's vehicle while operating a tractor trailer for Devon. The plaintiff was taken by ambulance from the scene in the presence of Goodine. Under these circumstances, Devon reasonably anticipated that it would be subject to litigation as a result of this accident involving one of its employees. Consequently, it obtained the June 4, 2004 statement from Goodine and notified Royal & Sunalliance, its insurer, of the accident. In turn, Royal & Sunalliance prepared an Automobile Accident Report which included a statement it obtained from Goodine on June 8, 2004. The fact that these documents were obtained less than a week after the accident, as the plaintiff points out, has no bearing on whether or not these documents were created in anticipation of litigation or for trial. Under the particular circumstances of this case, it is clear that these documents were prepared in anticipation of litigation and are protected by the work-product privilege. The plaintiff, therefore, is not entitled to these documents. Moreover, the plaintiff is in possession of a Motor Vehicle Crash Operator Report, attached to the Motor Vehicle Crash Police Report, which contains a handwritten description of the accident by Goodine. This statement, which was signed and dated by Goodine on the date of the accident, is even more timely than the June 4 and June 8 statements the plaintiff seeks to obtain. Consequently, the plaintiff is not prejudiced by Devon's withholding of these particular documents.

984647v1

B.  <u>Devon Should Not Be Obligated to Produce Documents Described In Request No. 10 and Request No. 63, As Such Documents Are Private And/Or Irrelevant To The Subject Matter Of This Action.</u>

The plaintiff's Request No. 10 states as follows:

> *All documents constituting, commemorating or relating to* Goodine's personnel file or employment file at Devon. (Emphasis added).

Similarly, the plaintiff's Request No. 63 states:

> *All Devon records and/or motor carrier records related to Goodine*, included but not limited to (Emphasis added):
>
> a. All documents to qualify a driver (49CFR391.11);
> b. Disqualification record (49CFR3 91.15);
> c. Driver application (49CFR391.21);
> d. Investigation and inquiries into driver (49CFR391.23);
> e. Annual review records (49CFR391.25);
> f. Driver violations-review (49CFR391.27);
> g. Driver road test (49CFR391.37);
> h. Driver written test (49CFR391.35);
> i. Driver's physical exam (long form) (49CFR391.43);
> j. Driver's records of duty (49CFR391.8).

In support of these Requests, the plaintiff argues that production of such documents is necessary to gain a full understanding of what Devon knew or should have known about Goodine prior to the accident. More specifically, the plaintiff states that she wants to gain a full understanding of Devon's knowledge of Goodine's education, training, prior employment, driving history and driving ability. Devon has already produced copies of Goodine's resume, Daily Driver's Logs from May 1, 2004 through the date of the accident, and Devon's General Policy for Company Drivers—documents revealing Goodine's education, training, prior employment, and driving history. Nonetheless, between the two Requests, the plaintiff is seeking every document in every file Devon has that pertains in any way to Goodine. Clearly, the plaintiff has failed to describe the requested items with reasonable particularity as required under Fed. R. Civ. P. 34(b).

984647v1

Furthermore, contrary to what the plaintiff seems to believe, she is not entitled to every such record in Devon's possession.

Pursuant to Fed. R. Civ. P. 26(b)(1), the plaintiff "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." However, the plaintiff does not, and cannot, explain how Goodine's personnel records post-dating the accident are relevant to her claims against Devon for negligence and negligent entrustment. Thus, the plaintiff is not entitled to these records. The plaintiff is also not entitled to unreasonably, substantially, or seriously interfere with Goodine's right to privacy.

Pursuant to G.L. c. 214, § 1B, a "person shall have a right against unreasonable, substantial or serious interference with his privacy." In Massachusetts, employment records are considered inherently private. See e.g. G.L. c. 4, § 7 (With regard to the public records law (G.L. c. 66, § 10), the Legislature has exempted "personnel and medical files or information" from disclosure because the disclosure of such records "may constitute an unwarranted invasion of personal privacy."). In light of the documents already provided to the plaintiff, the breadth of the request language itself, and the personal and private nature of the requested documents, the plaintiff's motion to compel production of all records pertaining to Goodine which are maintained in Devon's files seems more an attempt to annoy and embarrass Goodine than a genuine desire to gain a "full understanding of what Devon knew." Consequently, Goodine appropriately objects to both Request No. 10 and Request No. 63 on the grounds that the plaintiff is seeking wholesale disclosure of Goodine's highly sensitive and personal information in contravention of the right of privacy recognized in this Commonwealth.

C.  **Devon Should Not Be Obligated to Produce Documents Described In Request No. 26, As Such Documents Are Private And/Or Irrelevant To The Subject Matter Of This Action.**

The plaintiff's Request No. 26 states as follows:

984647v1

> A list of *any and all* arrests and/or convictions of Goodine. (Emphasis added).

In support of this Request, the plaintiff argues that, if Goodine has convictions related to the operation of a motor vehicle, such evidence is relevant to her claims against Devon for negligence and negligent entrustment. In light of the plaintiff's stated reasons for the Request, and in light of Goodine's statutory right against unreasonable, substantial or serious interference with his privacy, G.L. c. 214, § 1B, Request No. 26 is unnecessarily broad. As the plaintiff does not, and cannot, explain how arrests and convictions postdating the accident would have any relevance to what Devon knew about Goodine's driving record prior to the accident, the plaintiff is not entitled to any such records. Goodine will, however, agree to produce a May 15, 2003 Department of Public Safety Abstract of Driving Record identified in its privilege log.

D. <u>Devon Should Not Be Obligated to Produce Documents Described In Request No. 40 and Request No. 50, As Such Documents Are Private And/Or Irrelevant To The Subject Matter Of This Action.</u>

The plaintiff's Request No. 40 states as follows:

> *Requests of any and all* drug and/or alcohol tests administered to Goodine during the five years prior to the occurrence and immediately after the occurrence. (Emphasis added).

Similarly, the plaintiff's Request No. 50 states:

> *All documents constituting, commemorating or relating to* any alcohol tests or drug tests performed on Goodine as a result of the incident described in the Complaint. (Emphasis added).

In support of these Requests, the plaintiff argues that the documents are necessary to determine whether or not Goodine was using any drugs or alcohol that impaired his ability to safely operate the tractor trailer on the date of the accident and, if so, to determine whether Devon had reason to know of such use. The plaintiff already possesses copies of the police and operator's reports, as well as the citation issued to Goodine as a result of the accident. None of these records indicate

984647v1

that drugs or alcohol was, or may have been, a factor. Moreover, the plaintiff does not, and cannot, explain how any information pertaining to drug or alcohol tests performed after the date of the accident is relevant to whether or not Goodine was impaired at the time of the accident or to what Devon knew prior to the accident. Consequently, the plaintiff is not entitled to any such records. The plaintiff is also not entitled to unreasonably, substantially, or seriously interfere with Goodine's right to privacy.

Pursuant to G.L. c. 214, § 1B, a "person shall have a right against unreasonable, substantial or serious interference with his privacy." In Massachusetts, personnel and medical records are considered inherently private. See e.g. G.L. h. 4, § 7 (With regard to the public records law (G.L. c. 66, § 10), the Legislature has exempted "personnel and medical files or information" from disclosure because the disclosure of such records "may constitute an unwarranted invasion of personal privacy."). In accordance with this recognized right of privacy, personnel and medical records can only be released if it is reasonable under the circumstances. The plaintiff has not explained why production of the requested records is reasonable in this case.

E.  <u>Devon Should Not Be Obligated to Produce Documents Described In Request No. 56, As Such Documents Are Private And/Or Irrelevant To The Subject Matter Of This Action.</u>

The plaintiff's Request No. 56 states as follows:

> *All documents constituting, commemorating or relating to* any log audits performed on Goodine's log books. (Emphasis added).

In support of this Request, the plaintiff argues that such documents may disclose evidence of record falsification regarding hours driven or of "hours of service" violations. Specifically, the plaintiff is interested in evidence of truck driver fatigue. However, the Request seeks, without any time limitations, all records of audits performed on Goodine's log books, as well as any

984647v1

records "relating" thereto. This overbroad Request is inconsistent with the plaintiff's stated reasoning for seeking such documents.

In her Motion, the plaintiff specifically requests all of the documents identified in the privilege log that pertain to Goodine's log books. However, any log book information postdating the accident has no bearing on whether or not Goodine was a "tired trucker" on the date of the accident and is irrelevant to the plaintiff's claims against Devon for negligence and negligent entrustment. Therefore, the plaintiff is not entitled to those records. Similarly, evidence of any hours of service violations prior to the days immediately preceding the accident are irrelevant to whether or not lack of sleep was a factor on the date of the accident.

The plaintiff overlooks the fact that Devon has already produced Goodine's Daily Driver's Logs from May 1, 2004 up to and including the date of the accident. Instead, the plaintiff makes the bald assertion that Devon is withholding on privacy grounds a "contemporaneous record of Goodine's trip on the day of the accident" and is "disingenuous." Given that none of the records identified in the privilege log specifically referenced by the plaintiff are contemporaneous, and given that the plaintiff is in possession of Goodine's June 2, 2004 Driver's Log, this accusation is unfounded and inappropriate.

In light of the plaintiff's stated reasoning behind Request No. 56, the driver's logs already produced to the plaintiff, and the overbroad language of the Request, the plaintiff's motion to compel production of these documents seems more an attempt to annoy and embarrass Goodine than a genuine desire to seek information of what Devon knew about Goodine's driving history prior to the accident and the number of hours driven by Goodine on the date of the accident. Moreover, Goodine has a right against unreasonable, substantial or serious interference with his privacy. G.L. c. 214, § 1B. In Massachusetts, employment records are considered inherently

984647v1

private. See e.g. G.L. c. 4, § 7 (With regard to the public records law (G.L. c. 66, § 10), the Legislature has exempted personnel files and information from disclosure because the disclosure of such records "may constitute an unwarranted invasion of personal privacy."). In accordance with this recognized right of privacy, personnel records can only be released if it is reasonable under the circumstances. The plaintiff has not explained why her overbroad request for additional employment records is reasonable in this case.

## CONCLUSION

As the plaintiff is seeking to compel the disclosure of records that are private, privileged, and/or irrelevant to the subject matter of this action, Goodine respectfully requests that the Court deny the plaintiff's Motion.

Defendant,
James Goodine,
By its attorneys,

/s/ *Jacy L. Wilson*
_____
Thomas C. Federico, BBO #160830
Jacy L. Wilson, BBO #658923
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210
(617) 439-7500

## CERTIFICATE OF SERVICE

I certify that this document has been served upon all counsel of record in compliance with the Federal Rules of Civil Procedure.

/s/ *Jacy L. Wilson*
_____
Jacy L. Wilson

Date:  January 23, 2006

984647v1