UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARBARA A. CRIDER,<br>    Plaintiff<br><br>V.<br><br>JAMES GOODINE and DEVON LUMBER<br>CO., LTD.,<br>    Defendants | CIVIL ACTION NO. 04 12329 NG |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
### DEFENDANTS' MOTION TO COMPEL TAX RETURNS

The Plaintiff, Barbara A. Crider ("Crider"), respectfully requests that this Court enter an order denying the Defendants' Motion to Compel the Plaintiff to Produce Privileged Tax Returns.

In May 2005, the Defendants served a Request for Production of Documents on Crider. Request No. 1 asked Crider to produce:

> "All your Federal and State Income Tax Returns, including copies of all W-2 forms, schedules and attachments for the three years preceding the date of the incident through the present."

In August 2005, Crider responded to the Request by agreeing to produce all of the relevant W-2 forms and by objecting to the production of the remaining portions of her privileged tax returns:

> "Objection. The plaintiff, Barbara A. Crider, objects to this request in that it seeks documents which are privileged. Documents comprising state income tax returns are privileged. Leave v. Boston Elevated Railway Co., 306 Mass. 391, 398-403, 28 N.E. 2d 483, 487-489 (1940). Documents comprising federal income tax returns enjoy a qualified privilege. 26 USC 6103  Without waiving this objection, the plaintiff agrees to produce copies of her W-2 forms for the three

years preceding the date of the incident through the present. Copies are attached as Exhibit A."

When Crider responded to the Request for Documents, she produced her W-2 forms for 2000, 2001, 2002 and 2003 along with copies of her "ADP" Earnings Statement. At that time, Crider did not have a copy of her 2004 W-2 statement.

On August 10, 2005, Crider supplemented her Response to the Document Request with a letter from her attorneys and a copy of her 2004 W-2 statement. A copy of the August 10, 2005 letter is attached as <u>Exhibit 1</u>. On August 18, 2005, Crider further supplemented her Response by providing the defendants with copies of her earnings statement through and including July 30, 2005. At that time, the W-2's, earning statements and medical bills established a lost wage claim of $84,000.00 and medical bills of $162,330.05. The August 18, 2005 letter states in part; "I believe that we have now provided your clients with enough information for them to recognize that the value of the claim exceeds the available insurance."

After providing the defendants with copies of her W-2 forms and earnings statements for the years 2000, 2001, 2002, 2003 and 2004, Crider and her attorneys have no record and no recollection of any subsequent written or verbal request for the production of any additional sections or portions of Crider's tax returns.

After the defendants received all of the W-2 forms and earning statements, the defendants wrote to Crider's attorneys thanking them for the additional documentation. Attached as <u>Exhibit 2</u> is a copy of the defendants' August 23, 2005 letter. There is no mention in the letter that the defendants and/or their insurer had any need or desire for additional tax or employment documentation. The letter did request the opportunity to depose Mrs. Crider. Plaintiff's counsel produced Crider for her deposition on October 13, 2005. At no time prior, during or after Mrs. Crider's deposition did the defendants indicate a desire or a need for any additional tax

information. At her deposition, Crider testified that she is employed as the General Manager at "Kleenit," a chain of seven different dry cleaning stores. The W-2 forms and earning statements already provided to the defendants set forth in excruciating detail Crider's pre and post accident earnings. Crider's privileged tax returns do not contain any additional information concerning her earnings.

Crider's counsel has carefully reviewed his files and he has no record and no recollection of any formal or informal requests for additional tax documentation. In any event, even if the defendants had made subsequent requests for copies of the federal tax returns, the law is clear that without establishing a "compelling" need for the actual tax returns, the tax returns need not be produced.

## ARGUMENT

In the Defendants' Motion to Compel Production of the Tax Returns, the defendants rely primarily on a 1954 Federal Rules Decision case Tollefson v. Phillips, 16 FRD 348 (D. Mass. 1954)[1]. It is important to note that the Tollefson Court concluded that the defendants were entitled to copies of the plaintiff's federal returns because the plaintiff had no other records to establish his earnings. However, in this case, Crider has already produced all W-2 statements and all earnings statements. More importantly, the fifty-two year old Tollefson case does not reflect the current state of the law. Tollefson was decided before the Tax Reform Act of 1976 and therefore the holding is outdated and irrelevant. Before the Tax Reform Act of 1976, all tax returns and return information were public information, although taxpayers did have some expectation of privacy given the limited circumstances under which such information was made available. Despite the limited availability, however, numerous abuses occurred. In response,

---

[1] Defendants also rely on dicta in St. Regis Paper Co. v. United States, 368 U.S. 208 (1961) and Finance Commission of City of Boston v. McGrath, 343 Mass. 754 (1962)

Congress made tax returns "confidential" when it amended Section 6103 of the Internal Revenue Code as part of the Tax Reform Act of 1976[2]. Subsequent to the 1976 Tax Reform Act, most Courts have held that federal tax returns enjoy a qualified privilege[3].

Gattegno v. Pricewaterhousecoopers 205 FRD 70 (D. Conn. 2001) sets forth the current state of the law. Stated succinctly, federal income tax returns are entitled to a "qualified privilege" from discovery in civil actions. In Gattegno, since the taxpayer was able to produce W-2 forms and 1099 forms, the Court held that the defendant had failed to establish a compelling need for the tax returns. The Court noted that federal tax returns often include more information than the wage schedules voluntarily produced by the plaintiff (such as taxable interest, dividend income, tax credits, real estate rental income, deductions and partnership and other income) and that the defendant had no legitimate interest to obtain any of this privileged information. In Gattegno, the Court held that where the plaintiff has supplied W-2 or other pertinent documents establishing his wages, the production of the federal tax returns should not be compelled[4].

Although it is not controlling precedent, Crider refers this Court to Massachusetts Practice Series Volume 49, Discovery. In the 2005 pocket part at Page 234 the noted commentators state;

> "Federal tax returns are, by statute, confidential, see 26 USCA Section 6103(a), but this confidentiality is qualified and can be overcome where the returns are relevant and the need is compelling. (emphasis added) See Gattegno v. Pricewaterhousecoopers LLP 205 FRD 70, 73 (DConn. 2001) (Plaintiff excused from production of tax returns where her W-2s and 1099s provided the relevant information)…"

---

[2] Even before the Tax Reform Act of 1976, the Federal Courts began to recognize the private nature of tax returns and the nature of a qualified privilege.

[3] In Town Taxi v. Police Comm of Boston 387 NE2d 129, 136 (1979) the Supreme Judicial Court refers to the privilege as a "qualified right to confidentiality."

[4] Courts which have cited Gattegno have ruled that Federal tax returns enjoy a "qualified privilege." See Aliotti v. Vessel Senora 217 FRD 496 (2003) (There are less intrusive methods for obtaining wage information. Defendant can propound an interrogatory that directly asks what the plaintiff's total earnings were for each year in question as reported in plaintiff's tax returns) and Bujnicki v. American Paving and Excavating, Inc. 2004 WL 1071736 (Tax returns are protected by a qualified privilege).

In this case, Crider has already produced all of her W-2 forms and all of the available payroll records. Furthermore, the defendants have failed to establish that there is any compelling need to force Crider to produce her privileged federal tax returns.

It is interesting to note that the defendants filed this motion on the heels of Crider's Motion to Compel witness statements, employment records and other key documents. Crider submits that if the defendants had any real or compelling need to obtain Crider's federal tax returns, a formal request would have been made in August 2005 when Crider produced the W-2's and stated her basis for objecting to the production of her confidential and privileged tax returns.

BARBARA A. CRIDER

By her attorney,

/s/ Edward C. Bassett, Jr.
Edward C. Bassett, Jr., Esq.
BBO #033060
ecbassett@modl.com
James A. Wingfield, Esq.
BBO #657561
jawingfield@modl.com
Mirick, O'Connell, DeMallie & Lougee, LLP
1700 West Park Drive
Westborough, MA 01581-3941
Phone: (508) 898-1501
Fax:    (508) 898-1502

Dated: January 26, 2006

## CERTIFICATE OF SERVICE

    I, Edward C. Bassett, Jr., Esq., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 26, 2006.

                                                                /s/ Edward C. Bassett, Jr.
                                                                Edward C. Bassett, Jr., Esq.

Dated: January 26, 2006

# EXHIBIT 1



# MIRICK O'CONNELL
## ATTORNEYS AT LAW
MIRICK, O'CONNELL, DEMALLIE & LOUGEE, LLP

August 10, 2005

Thomas C. Federico, Esq.
Morrison Mahoney, LLP
250 Summer Street
Boston, MA  02210

    Re:  Barbara A. Crider v. James Goodine and Devon Lumber Co., Ltd.
         U.S. District Court Civil Action No.:  04-12329 NG

Dear Tom:

    Enclosed is the 2004 W-2 statement.

                           Very truly yours,

                           Edward C. Bassett, Jr.

ECB/js
Enclosure



WORCESTER, MA 01608-1477
508-791-8500 • FAX 508-791-8502

1700 WEST PARK DRIVE
WESTBOROUGH, MA 01581-3941
508-898-1501 • FAX 508-898-1502

BOSTON, MA 02110-1263
617-261-2417 • FAX 617-261-2418

{H:\PA\Lit\19444\00001\A0826531.DOC}

# EXHIBIT 2

# MORRISON MAHONEY LLP

COUNSELLORS AT LAW

Thomas C. Federico
Partner
Direct Dial: 617-439-7580
Direct Fax: 617-342-4946
tfederico@morrisonmahoney.com

250 SUMMER STREET
BOSTON, MASSACHUSETTS 02210-1181
617-439-7500

MASSACHUSETTS
BOSTON
FALL RIVER
SPRINGFIELD
WORCESTER

RHODE ISLAND
PROVIDENCE

CONNECTICUT
HARTFORD

NEW YORK
NEW YORK

NEW JERSEY
PARSIPPANY

ENGLAND
LONDON

23 August 2005

Edward C. Bassett, Jr., Esquire
Mirick, O'Connell, DeMallie & Lougee, LLP
1700 West Park Drive
Westborough, MA 01581-3941

Re:   Barbara A. Crider v. James Goodine and Devon Lumber Co., Ltd.
      Middlesex Superior Court
      Civil Action No.: 2004-02901-L2
      Our File No.: 10015237

Dear Ted:

I am in receipt of your letter dated 18 August 2005. Thank you for that additional information regarding Ms. Crider's earning statements through 30 July 2005. I will forward this information to my client and its insurer.

I wish to address, however, your statement that the value of this claim exceeds the available insurance. I wish to remind you that up until this letter and a recent telephone conversation that you and I had less than ten days ago, you had never given me an official demand. I had requested of you on several occasions prior to the filing of the parties Joint Statement with the Court that you provide me with a demand. Your response to me on those occasions was that your client had yet to reach a medical end result and that you were still assessing the case. The Joint Statement indicated that the plaintiff had yet to reach a medical end result and that as a result, settlement potential could not be realistically evaluated. You also indicated to me at that time that the demand of the policy limits was not an official demand.

I would like to schedule the deposition of your client at a mutually convenient time and place. Please provide me with some available dates for her deposition. I am agreeable to taking the deposition at your office or at another mutually convenient place.

959600v1

**MORRISON MAHONEY LLP**

23 August 2005
Page 2

Thank you for your attention.

Regards,

Thomas C. Federico

TCF/nfd