UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARBARA A. CRIDER,<br>        Plaintiff<br><br>V.<br><br>JAMES GOODINE and DEVON LUMBER<br>CO., LTD.,<br>        Defendants | CIVIL ACTION NO. 04 12329 NG |

## PLAINTIFF, BARBARA A. CRIDER'S MOTION FOR DEFAULT JUDGMENT AGAINST THE DEFENDANTS, JAMES GOODINE AND DEVON LUMBER CO., LTD.

## INTRODUCTION

The plaintiff, Barbara A. Crider ("Crider"), pursuant to the provisions of Rule 37(d) of the Federal Rules of Civil Procedure, respectfully requests that this Court enter a default judgment against the defendants, James Goodine ("Goodine") and Devon Lumber Co., Ltd. ("Devon") on the issue of liability and schedule a jury trial on the issue of damages.

As a basis for this motion, Crider states that Goodine and Devon, by and through Devon's President (Harry Gill) and Devon's General Manager (Brian O'Donnell)[1] have advised Crider that they refuse to appear in Massachusetts for their duly noticed depositions. The defendants elected to waive their opportunity to file a motion for protective order, leaving Crider no option other than filing this motion.

---

[1] A deposition notice is all that is necessary under the Federal Rules to require attendance of a corporation's officers or managing agents. Since Harry Gill is the President (corporate officer) and Brian O'Donnell is the General Manager (managing agent), no subpoenas were required. Continental Federal Savings and Loan Assn. v. Delta Corp. 71 FRD 697 (WD Okl. 1976)

## NATURE AND STATUS OF PROCEEDINGS

This is a tractor-trailer accident case. Crider sustained serious and permanently disabling injuries when Goodine negligently crashed a Devon tractor-trailer into Crider's car. Crider's injuries are significant. In fact, Crider's medical bills now exceed $162,000.00 and she continues to receive ongoing medical treatment. As a result of her injuries, her lost wages to date exceed $80,000.00. Accordingly, Crider's "specials" are now approximately $240,000.00.

Crider is a life long resident of Massachusetts. Goodine resides in Canada and Devon is a Canadian company engaged in the "export" of lumber and wood products. Upon information and belief, Devon derives substantial economic benefits by using Massachusetts highways in connection with the export of wood products. The crash occurred in Littleton, Massachusetts. The police investigated the crash and Goodine was cited for negligent operation. Goodine appeared in the Ayer District Court to plead guilty to the charge of negligent operation.

At the time of the crash, Crider was employed fulltime as the general manager of a dry cleaning store known as "Kleenit." Crider is sixty-two years old, she is divorced and she cares for her elderly mother.

At the time of the crash, Goodine and Devon were insured by Royal Sun & Alliance. Upon information and belief, Royal Sun & Alliance is paying for the defense of this case.[2] Royal Sun & Alliance selected Morrison, Mahoney & Miller, Boston, Massachusetts as its attorneys and Devon's attorneys deposed Crider in Massachusetts.

---

[2] Standard motor vehicle policies provide that the insurer will pay for all reasonable expenses incurred in connection with the defense. Sun & Alliance insured Devon for accidents in Massachusetts and the premiums charged to Devon by Sun & Alliance anticipated the costs of transporting witnesses from Canada to Massachusetts for cases involving Massachusetts accidents. Since Goodine and Devon are insured for this crash, they will not incur any out of pocket expenses to travel to Massachusetts for their depositions.

Despite the fact that Goodine plead guilty in the Ayer District Court to the negligent operation of the truck, Goodine and Devon now deny any liability and claim that Crider's injuries were caused by her own negligence (see Affirmative Defenses set forth in the Answer).

Crider filed Interrogatories and Requests for Production of Documents. The defendants objected to the various discovery requests and refused to produce twenty-four specific documents listed in a privilege log. A copy of the privilege log is attached as Exhibit A. On February 7, 2006, this Court ordered the defendants to produce twenty-two of the twenty-four documents.

## HISTORY OF THIS DISPUTE

On December 2, 2005, Crider sent deposition notices to Goodine, Harry Gill (the President of Devon) and Brian O'Donnell (Devon's General Manager). The depositions were scheduled for Thursday, December 29, 2005 to be held in Westborough, Massachusetts. Copies of the deposition notices are attached as Exhibit B. Because of the fact that the deponents lived in Canada, Crider's attorney advised defendants' attorney that he was agreeable to holding the depositions on another date if December 29, 2005 was not convenient for the deponents. Attached as Exhibit C is a copy of the letter which accompanied the deposition notices. Unfortunately, defendants' attorney did not come forward with any other suggested dates. On February 6, 2006, after waiting more than two months for the defendants to suggest a convenient date for the depositions, Crider sent a letter reminding him that the deposition notices were outstanding. A copy of the letter is attached as Exhibit D. Defendants' attorney responded to the February 6, 2006 letter by stating that his clients had informed him they would not appear in Massachusetts for their depositions and that their depositions must be held in Fredricton, New Brunswick.

## ARGUMENT

The law is well settled that a party may choose the location where to conduct the deposition of the opposing party. Turner v. Prudential Insurance Company of America, 119 FRD 381, 383 (MDNC 1988). If the place chosen is objectionable, the deponent must contest the selected location by filing a motion for a protective order. In a motion for a protective order, the deponent has the burden of proving that the location will cause the deponent undue burden or expense. Naked assertions of inconvenience made by the deponent's attorney are insufficient to support a protective order. The motion must be supported by well documented affidavits to corroborate the allegations of undue hardship. Dalmady v. Price Waterhouse, 62 FRD 157 (D.P.R. 1973) In this case, the defendants elected to waive their opportunity to file a motion for a protective order. Instead, the defendants simply refused to appear for their duly noticed depositions.

Rule 37(d) of the Federal Rules of Civil Procedure is entitled "Failure of Party to Attend at Own Deposition…" The rule specifies that if a party willfully fails to appear for his deposition, the Court may impose the appropriate sanctions, including the entry of a default against a defendant. Unlike the other provisions of Rule 37, no Court order is required to bring Rule 37(d) into play. It is enough that a notice of deposition was filed.

When a defendant informs the plaintiff and/or the Court that her deposition can only be taken "upon [her] own terms," the entry of default is appropriate. See Pioche Mines v. Dolman, 333 F2d 257 (1964) Before a defendant can unilaterally ignore a deposition notice, the defendant has an obligation to file a motion for protective order before the other party is forced to file a Rule 37(d) motion. If a party does not intend to appear for his deposition then the party

"must apply for a protective order." See Advisory Committee notes to 1970 Amendment of the

Federal Rules of Civil Procedure

> "Quite simply, it is not proper practice for an attorney to respond to a Notice of Deposition by simply replying that the date set for the deposition is not convenient and expressing an opinion that the deposition should be held at some later time. More is required. A duly-served Notice of Deposition of a party is to go forward on the date contained in the notice unless (1) the noticing party withdraws or modifies the notice, (2) the deposition is postponed by agreement of the parties, or (3) the court enters a protective order. It follows that it is the duty of the attorney who is seeking to have the date of the deposition changed to see to it that the change is accomplished in one of these three ways before the date set in the Notice of Deposition. If a change is not effected in one of these three ways, a party can be sanctioned pursuant to Rule 37(d)...for failing to attend his or her own deposition."

Lauriat, Massachusetts Practice, Discovery, Vol. 49 @ Page 404.

In this case, since the defendants have refused to attend their duly noticed depositions, the appropriate remedy is the entry of default. This is not a harsh sanction because Goodine has already admitted liability by pleading guilty to the charge of negligent operation. Although Goodine's attorneys refused to produce the statement given by Goodine to Devon on June 4, 2002 and the statement given by Goodine to Sun Alliance on June 8, 2002, Crider suspects that Goodine may have already admitted to his employer and insurer that he was at fault. Without a deposition Crider cannot probe into these issues.

Even if the defendants had not waived their right to file a motion for a protective order, the equities and the case law support the denial of a motion for protective order.

While it is true that in some cases between two well heeled corporations a defendant's deposition can be conducted at the defendant's principal place of business, where "good cause" exists, a Trial Court will not hesitate to deny a defendant's motion for a protective order seeking to force a deposition in the defendant's home state or country.

In this case there are compelling reasons why the defendants should be deposed here in Massachusetts rather than Canada. These reasons include the following:

1.     In the event that any discovery dispute arises during the depositions, the parties would not have easy access to this Court to resolve the dispute.

2.     There is a large disparity in the financial resources of parties. The named defendants will not incur any out of pocket expenses for travel or lodging if the depositions occur in Massachusetts. The defendants' insurer is obligated to pay for reasonable expenses related to the defense of this case.

3.     All parties are represented by Massachusetts attorneys. If the depositions are held in Canada, the defendants' attorneys will be required to travel to Canada (presumably at their usual hourly rates).

4.     All of the necessary documents for the depositions have already been sent from Canada to the defendants' lawyers in Boston.

5.     This action has intimate connections to Massachusetts. The defendants drove their truck into Massachusetts and voluntarily transacted business in Massachusetts. Furthermore, the defendant, Goodine, was charged with negligent operation and those proceedings were held in Massachusetts. Crider is a lifetime resident of Massachusetts and the crash occurred in Massachusetts. The named deponents will appear in Massachusetts for trial. Furthermore, Goodine still works for Devon and it is likely that he has already traveled to Massachusetts on business several times since the deposition was first noticed.

In addition to these practical considerations the relevant case law supports holding these depositions in Massachusetts. When a foreign corporation is doing business in the United States, is subject to the court's jurisdiction, and has freely taken advantage of our federal rules of

discovery, foreign corporation's agents are frequently compelled for depositions on American

soil. *See In re Honda American Motor Col, Inc. Dealership Relations Litigation*, 168 F.R.D.

535, 541-42 (D.Md. 1996)(requiring agents of a Japanese corporate defendant to be deposed in

Maryland); *M & C v. Erwin Behr GmbH & Co.*, 165 F.R.D. 65, 68 (E.D.Mich. 1996)(requiring a

German corporate defendant's agents to appear for depositors in Detroit); *R.F. Barron Corp. v.*

*Nuclear Fields (Australia) Pty., Ltd.*, 1992 WL 212602, *2 (N.D.Ill. 1992)(requiring depositions

of Dutch and Australian defendants in Chicago); *Roberts v. Heim*, 130 F.R.D. 430, 439-40

(N.D.Cal. 1990)(compelling the appearance of a Swiss defendant for deposition in San

Francisco). The bottom line is that a foreign corporation, subject to the in personam jurisdiction

of this court, can be ordered under Rule 30(b)(6) to produce its officers, directors or managing

agents in the United States to give deposition. Custom Form Manufacturing, Inc. v. Omron

Corporation, 196 F.R.D. 333 (N.D. Indiana 2000)  In Custom Form Manufacturing at 337, the

Court went so far as to state; "The law and facts persuade the Court that depositions must take

place in the United States." (emphasis added)

Kasper v. Cooper Canada Limited, 120 F.R.D. 58 (N.D.Ill. 1988), provides a compelling

precedent.  Cooper Canada Limited had its principal place of business in Toronto.  Cooper

objected to the scheduling of depositions of two officers in Chicago, Illinois (the forum state).

The Court ruled that depositions should be held in Chicago.  In addition to the fact that Cooper

had substantial business interests in the United States, the Court balanced the equities and relied

on the facts that (1) both parties had retained Chicago attorneys to litigate the case; (2) the

plaintiff was an individual financing the litigation on a contingent fee arrangement and

(3) documents for the deposition were already in Chicago.

Similarly in this case, (1) all of the parties have retained Massachusetts attorneys to litigate the case; (2) Crider is an individual financing the case on a contingent fee basis and (3) any documents necessary for the deposition are already in Boston.

## CONCLUSION

For the reasons set forth above, Crider respectfully requests that this Court enter a default judgment against James Goodine and Devon Lumber Co., Ltd. so that a trial can be held on the issue of damages.

BARBARA A. CRIDER

By her attorney,


/s/ Edward C. Bassett, Jr.
Edward C. Bassett, Jr., Esq.
BBO #033060
ecbassett@modl.com
James A. Wingfield, Esq.
BBO #657561
jawingfield@modl.com
Mirick, O'Connell, DeMallie & Lougee, LLP
1700 West Park Drive
Westborough, MA 01581-3941
Phone: (508) 898-1501
Fax:    (508) 898-1502

Dated: February 13, 2006

## LOCAL RULE 26.2(c) CERTIFICATE

I, Edward C. Bassett, Jr., Esq., hereby certify that on February 10, 2006 I had a telephone conference with Thomas Federico, Esq. in a good faith effort to narrow the areas of disagreement to the fullest extent prior to filing this Motion for Default Judgment.

/s/ Edward C. Bassett, Jr.
Edward C. Bassett, Jr., Esq.

Dated: February 13, 2006

CERTIFICATE OF SERVICE

I, Edward C. Bassett, Jr., Esq., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 10, 2006.

/s/ Edward C. Bassett, Jr.
Edward C. Bassett, Jr., Esq.

Dated: February 13, 2006

EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 04 12329 NG

```
————————————————————————    )
                            )
BARBARA A. CRIDER,          )
Plaintiff,                  )
                            )
                            )
v.                          )
                            )
                            )
JAMES GOODINE and DEVON LUMBER)
CO., LTD.,                  )
Defendants.                 )
                            )
                            )
————————————————————————    )
```

## PRIVILEGE LOG

| | DATE | DESCRIPTION | PAGES | REASON WITHHELD |
|---|---|---|---|---|
| 1 | 5/15/03 | Department of Public Safety Abstract of Driving Record | 1 | Invasion of privacy. |
| 2 | 7/9/03 | Email to Helen Hogenhout of Devon Lumber Co., Ltd. from Natalie Roy of Health Star Enterprises Corporation regarding pre-employment test result for specimen collected 7/8/093. | 1 | Invasion of privacy. |
| 3 | 7/10/03 | Federal Drug Testing Custody and Control Form | 1 | Invasion of privacy. |
| 4 | 9/18/03 | Letter from Devon Lumber Co. Ltd. to James Goodine regarding Log Book Examination. | 1 | Invasion of privacy. |
| 5 | 10/12/03 | Letter to Helen Hogenhout from PWF Transportation Services regarding September Log Book Examination. | 2 | Invasion of privacy. |
| 6 | 10/17/03 | Letter from Devon Lumber Co. Ltd. to James Goodine regarding Log Book Examination. | 1 | Invasion of privacy. |
| 7 | 3/11/04 | Email to Helen Hogenhout of Devon Lumber Co., Ltd. from Lisa Tisdel of Health Star | 1 | Invasion of privacy. |

962682v1

| | | | | |
|---|---|---|---|---|
| | | Enterprises Corporation regarding pre-employment test result for specimen collected 3/6/04. | | |
| 8 | 3/12/04 | Federal Drug Testing Custody and Control Form | 1 | Invasion of privacy. |
| 9 | 3/30/04 | Department of Public Safety Medical Fitness Report | 1 | Invasion of privacy. |
| 10 | 4/14/04 | Letter to Helen Hogenhout from PWF Transportation Services regarding March Log Book Examination. | 2 | Invasion of privacy. |
| 11 | 4/20/04 | Letter from Devon Lumber Co. Ltd. to James Goodine regarding Log Book Examination. | 1 | Invasion of privacy. |
| 12 | 5/13/04 | Letter to Helen Hogenhout from PWF Transportation Services regarding April Log Book Examination. | 2 | Invasion of privacy. |
| 13 | 5/17/04 | Letter from Devon Lumber Co. Ltd. to James Goodine regarding Log Book Examination. | 1 | Invasion of privacy. |
| 14 | 6/4/04 | Statement of James Goodine to Devon Lumber Co., Ltd. | 1 | Work product; prepared in anticipation of litigation or for trial; disclosure of the mental impressions of counsel. |
| 15 | 6/8/04 | Automobile Accident Report and Statement of James Goodine to Royal & SunAlliance | 6 | Work product; prepared in anticipation of litigation or for trial; disclosure of the mental impressions of counsel. |
| 16 | 8/19/04 | Letter to Helen Hogenhout from PWF Transportation Services regarding July Log Book Examination. | 2 | Invasion of Privacy. |
| 17 | 8/25/04 | Letter from Devon Lumber Co. Ltd. to James Goodine regarding Log Book Examination. | 1 | Invasion of privacy. |
| 18 | 12/20/04 | Letter to Helen Hogenhout from PWF Transportation Services regarding November Log Book Examination. | 2 | Invasion of privacy. |
| 19 | 1/5/05 | Letter from Devon Lumber Co. Ltd. to James Goodine | 1 | Invasion of privacy. |

| | | | |
|---|---|---|---|
| | regarding Log Book Examination. | | |
| 20 | 6/15/05 | Department of Public Safety Abstract of Driving Record | 1 | Invasion of privacy. |
| - 21 | January (year unspecified) | PFW Transportation Services log sheet pertaining to James Goodine of Devon Lumber Co., Ltd. | 2 | Invasion of privacy. |
| - 22 | February (year unspecified) | PFW Transportation Services log sheet pertaining to James Goodine of Devon Lumber Co., Ltd. | 2 | Invasion of privacy. |
| - 23 | March (year unspecified) | PFW Transportation Services log sheet pertaining to James Goodine of Devon Lumber Co., Ltd. | 2 | Invasion of privacy. |
| - 24 | November (year unspecified) | PFW Transportation Services log sheet pertaining to James Goodine of Devon Lumber Co., Ltd. | 2 | Invasion of privacy. |

In setting forth the above privilege log, defendants James Goodine and Devon Lumber Co., Ltd. reserve the right to list and withhold further documents and to set forth additional privileges to those documents listed above or not so listed. In producing any documents covered by any privilege, James Goodine and Devon Lumber Co., Ltd. do not waive any such privileges.

The following categories of documents are not specifically included in the privilege log, but have also been withheld from discovery and will continue to be so withheld without producing any specific privilege log for such documents:

1.     Any and all communications between counsel and James Goodine and/or Devon Lumber Co., Ltd., including their insurers; and

2.    Any and all communications between counsel and James Goodine and/or Devon Lumber

Co., Ltd., or their insurers <u>and</u> any experts or other consultants retained by them.

The Defendants,
James Goodine and Devon Lumber Co., Ltd.
By their attorneys,


_Tracy L Wilson_
Thomas C. Federico, BBO #160830
Jacy L. Wilson, BBO #658923
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500


Dated: _December 21, 2005_

EXHIBIT B

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

BARBARA A. CRIDER,
    Plaintiff

    V.

JAMES GOODINE and DEVON LUMBER
CO., LTD.,
    Defendants

CIVIL ACTION NO. 04 12329 NG

TO:   Thomas C. Federico, Esq.
      Morrison Mahoney, LLP
      250 Summer Street
      Boston, MA  02210

### NOTICE OF TAKING DEPOSITION

Please take notice that, at 9:00 a.m. on Thursday, December 29, 2005, at the offices of

Mirick, O'Connell, DeMallie & Lougee, LLP, 1700 West Park Drive, Westborough,

Massachusetts 01581-3941, the plaintiff in this action, by her attorney, will take the deposition

upon oral examination of **Martin James Goodine**, pursuant to the applicable provisions of the

Massachusetts Rules of Civil Procedure, before a Notary Public in and for the Commonwealth of

Massachusetts, or before some other officer authorized by law to administer oaths.  The oral

examination will continue from day to day until completed.

You are invited to attend and cross-examine.

BARBARA A. CRIDER

By her attorneys,

_____
Edward C. Bassett, Jr., Esq.
BBO #033060
James A. Wingfield, Esq.
BBO #657561
Mirick, O'Connell, DeMallie & Lougee, LLP
1700 West Park Drive
Westborough, MA 01581-3941
Phone: (508) 898-1501
Fax:    (508) 898-1502

Dated: December 2, 2005

## CERTIFICATE OF SERVICE

I, Edward C. Bassett, Jr., Esq., hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to Thomas C. Frederico, Morrison Mahoney, LLP, 250 Summer Street, Boston, MA 02210.

_____
Edward C. Bassett, Jr., Esq.

Dated: December 2, 2005

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

BARBARA A. CRIDER,
    Plaintiff

    V.

JAMES GOODINE and DEVON LUMBER
CO., LTD.,
    Defendants

CIVIL ACTION NO. 04 12329 NG

TO:    Thomas C. Federico, Esq.
        Morrison Mahoney, LLP
        250 Summer Street
        Boston, MA  02210

## NOTICE OF TAKING DEPOSITION

Please take notice that, at 11:00 a.m. on Thursday, December 29, 2005, at the offices of

Mirick, O'Connell, DeMallie & Lougee, LLP, 1700 West Park Drive, Westborough,

Massachusetts 01581-3941, the plaintiff in this action, by her attorney, will take the deposition

upon oral examination of **Harry Gill, President, Devon Lumber Co., Ltd.**, pursuant to the

applicable provisions of the Massachusetts Rules of Civil Procedure, before a Notary Public in

and for the Commonwealth of Massachusetts, or before some other officer authorized by law to

administer oaths.  The oral examination will continue from day to day until completed.

You are invited to attend and cross-examine.

BARBARA A. CRIDER

By her attorneys,

Edward C. Bassett, Jr., Esq.
BBO #033060
James A. Wingfield, Esq.
BBO #657561
Mirick, O'Connell, DeMallie & Lougee, LLP
1700 West Park Drive
Westborough, MA 01581-3941
Phone: (508) 898-1501
Fax:   (508) 898-1502

Dated: December 2, 2005

## CERTIFICATE OF SERVICE

I, Edward C. Bassett, Jr., Esq., hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to Thomas C. Frederico, Morrison Mahoney, LLP, 250 Summer Street, Boston, MA 02210.

Edward C. Bassett, Jr., Esq.

Dated: December 2, 2005

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

BARBARA A. CRIDER,
Plaintiff

V.

JAMES GOODINE and DEVON LUMBER
CO., LTD.,
Defendants

CIVIL ACTION NO. 04 12329 NG

TO:    Thomas C. Federico, Esq.
Morrison Mahoney, LLP
250 Summer Street
Boston, MA  02210

## NOTICE OF TAKING DEPOSITION

Please take notice that, at 1:00 p.m. on Thursday, December 29, 2005, at the offices of

Mirick, O'Connell, DeMallie & Lougee, LLP, 1700 West Park Drive, Westborough,

Massachusetts 01581-3941, the plaintiff in this action, by her attorney, will take the deposition

upon oral examination of **Brian O'Donnell, Devon Lumber Co., Ltd.,** pursuant to the

applicable provisions of the Massachusetts Rules of Civil Procedure, before a Notary Public in

and for the Commonwealth of Massachusetts, or before some other officer authorized by law to

administer oaths.  The oral examination will continue from day to day until completed.

You are invited to attend and cross-examine.

BARBARA A. CRIDER

By her attorneys,

Edward C. Bassett, Jr., Esq.
BBO #033060
James A. Wingfield, Esq.
BBO #657561
Mirick, O'Connell, DeMallie & Lougee, LLP
1700 West Park Drive
Westborough, MA 01581-3941
Phone: (508) 898-1501
Fax:   (508) 898-1502

Dated: December 2, 2005

## CERTIFICATE OF SERVICE

I, Edward C. Bassett, Jr., Esq., hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to Thomas C. Frederico, Morrison Mahoney, LLP, 250 Summer Street, Boston, MA 02210.

Edward C. Bassett, Jr., Esq.

Dated: December 2, 2005

EXHIBIT C

# MIRICK O'CONNELL
### ATTORNEYS AT LAW
MIRICK, O'CONNELL, DEMALLIE & LOUGEE, LLP

December 2, 2005

Thomas C. Federico, Esq.
Morrison Mahoney, LLP
250 Summer Street
Boston, MA  02210

    Re:  Barbara A. Crider v. James Goodine and Devon Lumber Co., Ltd.
       U.S. District Court Civil Action No.:  04-12329 NG

Dear Attorney Federico:

    Enclosed are deposition notices for Martin James Goodine, Harry Gill and Brian O'Donnell.  As we discussed, please check with your client so we can pick some mutually agreeable dates.

           Very truly yours,

           Edward C. Bassett, Jr.

ECB/js
Enclosures



WORCESTER, MA
508-791-8500 • FAX 508-791-8502

1700 WEST PARK DRIVE
WESTBOROUGH, MA 01581-3941
508-898-1501 • FAX 508-898-1502

BOSTON, MA
617-261-2417 • FAX 617-261-2418

{H:\PA\Lit\19444\00001\A0862590.DOC}    www.MirickOConnell.com

EXHIBIT D

## MIRICK O'CONNELL
### ATTORNEYS AT LAW
MIRICK, O'CONNELL, DEMALLIE & LOUGEE, LLP

February 6, 2006

**VIA FAX AND REGULAR MAIL**

Thomas C. Federico, Esq.
Morrison Mahoney, LLP
250 Summer Street
Boston, MA  02210

   Re:  Barbara A. Crider v. James Goodine and Devon Lumber Co., Ltd.
        U.S. District Court Civil Action No.:  04-12329 NG

Dear Attorney Federico:

   As you may recall, on December 2, 2005 I sent deposition notices for Martin James Goodine, Harry Gill and Brian O'Donnell.  At that time, I also sent you a short letter asking you to check with your clients so that we could pick some mutually agreeable dates for depositions.

   My assistant has reminded me that it has now been more than two months since we asked you to provide us with some convenient dates for the depositions.  My assistant has also reminded me that we have a status conference on March 1, 2006.  I would like to conduct these depositions prior to the conference so that I have an idea of what other depositions may be necessary.

   Please let me know how soon we can proceed with these depositions.

   I appreciate your continued courtesies.

                                        Very truly yours,

                                        Edward C. Bassett, Jr.

ECB/js



WORCESTER, MA
508-791-8500 • FAX 508-791-8502

1700 WEST PARK DRIVE
WESTBOROUGH, MA 01581-3941
508-898-1501 • FAX 508-898-1502

BOSTON, MA
617-261-2417 • FAX 617-261-2418

[H:\PA\Lit\19444\0001\A0883129.DOC]

www.MirickOConnell.com