UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 04 12329 NG

| | |
|---|---|
| BARBARA A. CRIDER,<br>Plaintiff,<br><br>v.<br><br>JAMES GOODINE and DEVON LUMBER<br>CO., LTD.,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## OPPOSITION OF THE DEFENDANTS, JAMES GOODINE AND DEVON LUMBER CO., LTD., TO THE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

The defendants, James Goodine and Devon Lumber Co., Ltd., hereby oppose the plaintiff's Motion for Default Judgment on the grounds that the defendants did **not** fail to appear for any duly noticed depositions, as the plaintiff erroneously contends. Plaintiff's counsel dissembles this fact to the Court in order to create a fictitious basis on which to this Motion. Plaintiff's counsel had agreed to postpone the depositions and the depositions were never renoticed. Therefore, the deponents have not, as plaintiff counsel disingenuously asserts, failed to appear for a duly scheduled deposition. Moreover, counsel for the plaintiff never discussed with counsel for the defendants filing a Motion for Default Judgment as counsel for the plaintiff appears to suggest in his Rule 26.2(c) Certificate.

### FACTS

The plaintiff in the above-captioned action, Barbara A. Crider, sent Notices of Taking Deposition of Martin James Goodine, Harry Gill, and Brian O'Donnell on December 2, 2005, which were tentatively scheduled for December 29, 2005. See Notices of Taking Deposition attached as Exhibit A to Plaintiff's Motion for Default Judgment. Prior to sending the Notices,

984647v1

counsel for the plaintiff and the defendants understood that the depositions would **not** go forward on December 29, 2005 and would be rescheduled after finding "some mutually agreeable dates." See correspondence attached as Exhibit C to Plaintiff's Motion for Default Judgment. Moreover, when counsel for the defendants confirmed with plaintiff's counsel in a telephone conversation that the deposition was not going forward on that date he indicated to plaintiffs' counsel that they would need to discuss where the depositions would take place. On February 6, 2006, counsel for the plaintiff sent a letter requesting convenient deposition dates. See correspondence attached as Exhibit D to Plaintiff's Motion for Default Judgment. Upon receipt of that letter, counsel for the defendants left a telephone message for plaintiff's counsel indicating that the week of March 20, 2006 was available for depositions and requesting that the depositions take place in New Brunswick, Canada. On Friday afternoon, February 10, 2006, counsel for the defendants telephoned plaintiff's counsel to discuss available deposition dates during the week of March 20th. During that telephone conversation, counsel for the defendants informed plaintiff's counsel that the deponents wanted the depositions to take place in Canada. Plaintiff's counsel disagreed with counsel for the defendants that the deponents could insist on the deposition taking place at their place of business in Canada. Counsel for the defendants noted his belief that the case law supported the request of the deponents. There was no agreement reached between counsel regarding the depositions and the issue was unresolved. Counsel for the defendants never stated, implied, or even suggested that he would ignore a duly noticed deposition by refusing to produce the deponents or failing to file a motion for a protective order. Plaintiff's counsel never discussed or even remotely expressed any intent during the February 10 conference to file a Motion for Default Judgment Against the Defendants, James Goodine and Devon Lumber Co., Ltd. On Monday afternoon, February 13th, without any further discussion

between counsel or even the courtesy of a telephone call, plaintiff's counsel filed a Motion for Default Judgment.[1]

## ARGUMENT

The plaintiff's Motion for Default Judgment against the defendants should be denied where plaintiff's counsel had agreed to postpone the originally noticed depositions and the depositions were never renoticed. Therefore, the deponents have not, as plaintiff counsel disingenuously asserts, failed to appear for a duly scheduled depositions.

Pursuant to Federal Rule of Civil Procedure 37(d), the Court may render a judgment by default against a party where that party, or the party's officer, director, or managing agent, has failed to "appear before the officer who is to take the deposition, after being served with a proper notice." As indicated in his December 2, 2005 correspondence, counsel for the plaintiff noticed the depositions of the named deponents with the understanding that they would have to be rescheduled once the parties found mutually agreeable dates. Counsel voluntarily agreed **not** to go forward with the depositions on the date contained in the Notices. Therefore, plaintiff's counsel cannot claim that the deponents failed to appear on December 29, 2005 for their depositions. The depositions were never renoticed as counsel were discussing mutually convenient dates as well as where the depositions would take place. Moreover, plaintiff's counsel certifies that he had a telephone conference with counsel for the defendants on Friday, February 10, "in a good faith effort to narrow the areas of disagreement to the fullest extent" prior to filing the plaintiff's Motion. However, plaintiff's counsel never discussed or even remotely expressed any intent during the February 10 conference to file a Motion for Default

---

[1] In comparison, counsel for the defendants, rather then sending out a deposition notice of the plaintiff, had requested of plaintiff's counsel available and convenient dates for the deposition and then noticed the deposition on one of the dates provided. In addition, counsel for the defendants offered and did conduct the deposition of the plaintiff at the offices of plaintiff's counsel in Westborough rather than at the office of defense counsel in Boston in order to be more accommodating to the plaintiff and her ability to travel.

984647v1

Judgment Against the Defendants, James Goodine and Devon Lumber Co., Ltd. What was discussed during that telephone conversation was where the deposition would take place and available dates in March. Counsel for the defendants informed plaintiff's counsel that the deponents wanted the depositions to take place in Canada. Plaintiff's counsel disagreed with counsel for the defendants that the deponents could insist on the deposition taking place at their place of business in Canada. Counsel for the defendants noted his belief that the case law supported the request of the deponents. There was no agreement reached between counsel regarding the depositions and the issue was unresolved.

In light of Rule 37(d) and the undisputed fact that the deponents at no time refused to appear for any duly noticed depositions, the plaintiff's Motion is without merit. Furthermore, the plaintiff has incorrectly certified to this Court that the parties had discussed the filing of a Motion for Default Judgment. For all of these reasons, the plaintiff's Motion should be denied.

## CONCLUSION

As the plaintiff is seeking a default judgment against the defendants on the unsubstantiated grounds that the deponents failed to appear for properly noticed depositions, the defendants, James Goodine and Devon Lumber Co., Ltd., respectfully request that the Court deny the plaintiff's Motion.

        Defendants,
        James Goodine and Devon Lumber Co., Ltd.,
        By its attorneys,

        */s/ Thomas C. Federico*

        Thomas C. Federico, BBO #160830
        Jacy L. Wilson, BBO #658923
        Morrison Mahoney LLP
        250 Summer Street
        Boston, MA 02210
        (617) 439-7500

984647v1

## AFFIDAVIT OF COUNSEL

I, Thomas C. Federico, counsel for the defendants, James Goodine and Devon Lumber Co., Ltd., depose and state that the factual statements made in the foregoing Opposition are true to the best of my knowledge and belief.

Signed under the penalties of perjury this 21st day of February 2006.

/s/ *Thomas C. Federico*
_____
Thomas C. Federico


## CERTIFICATE OF SERVICE

I certify that this document has been served upon all counsel of record in compliance with the Federal Rules of Civil Procedure.

/s/ *Thomas C. Federico*
_____
Thomas C. Federico

Date: February 21, 2006.

984647v1